Lykiardopoulos *v.* Lykiardopoulos, Appellant.

Argued March 13, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Stanley W. Greenfield,* with him *Alan J. Scheimer,* and *Greenfield & Minsky,* for appellant.

*Barry E. Wood,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, September 19, 1973:

Gerasimos and Mary Lykiardopoulos were married on June 15, 1950. While they were married they purchased two parcels of real estate in the City of Pittsburgh, which they held as tenants by the entireties. The parties separated in January of 1967. It appears from the pleadings that Mary (hereafter referred to as the appellant) retained beneficial enjoyment of both properties from the date of the separation until the present. The appellant used one parcel as a combination dwelling and coffee shop, and the other as a rental property from which she received all the income. It also appears that the appellant has been responsible for all the expenses necessary to preserve the properties since 1967. On July 1, 1969, the parties were divorced and on December 7, 1970, Gerasimos (hereafter referred to as the appellee) filed a complaint in equity seeking an accounting for the profits derived from the use of the properties by the appellant and the partition and sale of the properties, in accord with the provisions of the Act of May 10, 1927, as amended.[1]

---

[1] Section 1 of the Act provides: "Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law." Act of May 10, 1927, P. L. 884, §1, as amended, May 17, 1949, P. L. 1394, §1, 68 P.S. 501.

The appellant filed an answer to the complaint and a counterclaim in which she sought to have the following items credited to her and set off against any interest of the appellee in the properties: (1) child support payments from the date the appellee deserted the appellant and two minor children until February, 1971, when the appellee began paying child support under a court order; (2) support for herself from the date of the separation until the date of the divorce; (3) all money she had invested in the properties as part of the initial purchase price; (4) all money spent to preserve the properties including mortgage payments, taxes, insurance, utilities and upkeep. According to the appellant, the value of the combined items claimed in the counterclaim exceeds the value of appellee's one-half interest in the properties. Therefore, the appellant requested the court to order the appellee to convey his record interest in the properties to the appellant, in lieu of paying her the money she claimed was owed to her. The counterclaim was not endorsed with a notice to plead and no answer was filed thereto.

After a hearing the court below found that the ownership of the real estate, which was held by the entireties during the marriage, was converted to a tenancy in common by operation of the Act of May 10, 1927, as amended, and should be partitioned in accordance with the provisions of that Act. In disposing of the appellant's counterclaim, the court held that the claims for support were personal obligations of the appellee not connected with the real estate and therefore not proper matters for consideration in the partition proceedings. The court appointed a trustee to sell the properties and account for the proceeds and denied without prejudice the appellant's counterclaim for support. The appellant filed exceptions to the decree, which were argued

before the court below and denied. This appeal is from the denial of the exceptions.[2]

The appellant's first contention is that the appellee has no standing to seek partition of this property because it was his desertion of the appellant that led to the divorce. The appellant argues that the doctrine of clean hands should prevent the appellee from prevailing in a court of equity. There is no merit in the appellant's argument. The action in partition following divorce is specifically authorized by statute. The Act of May 10, 1927, as amended, 68 P.S. 501 *et seq.* provides a complete procedure to be followed when parties who have been divorced partition property formerly held as tenants by the entireties. There is nothing in the statute to indicate that recourse to the provisions of the statute is limited to the non-culpable party to the divorce proceedings. Indeed, the language of the statute is to the contrary: "Whenever any husband and wife . . . shall be divorced . . . either of them may bring suit . . . against the other to have the property sold and the proceeds divided between them." Act of May 10, 1927, P. L. 884, as amended, 68 P.S. 501. Cf. *Hornak v. Hornak*, 309 Pa. 281, 163 A. 512 (1932).

Concerning the appellant's claim for support for herself and her minor children, the court below was correct in holding that these personal obligations of the appellee cannot be considered as part of the partition proceedings in this case. Section 3 of the Act of May 10, 1927, as amended, provides: "The proceeds of any sale had under the provisions of this act . . . *shall be*

---

[2] Rule 1557 of the Pennsylvania Rules of Civil Procedure provides that, in actions for the partition of real property, exceptions may be filed by any party to an order directing partition and, that an appeal may be taken from the ruling of the court en banc on the exceptions within thirty days from the date of the ruling. Pa. R. C. P. 1557.

*equally divided* between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties . . . and the amount of any liens entered of record against either of such parties . . . shall be deducted from the share of the party against whom such lien is filed . . . ." 68 P.S. 503. (emphasis added)

The statutory language is clear—only liens of record may be deducted from the proceeds of the partition sale. At common law, property which was held in tenancy by the entireties during marriage remained entireties property even after a divorce. *O'Malley v. O'Malley,* 272 Pa. 528, 532, 116 A. 500 (1922). The Act of May 10, 1927, as amended, which converts a tenancy by the entireties into a tenancy in common after a divorce and permits either party to partition the property, is in derogation of the common law and must be strictly construed. *Lazare v. Lazare,* 365 Pa. 591, 594, 76 A. 2d 190 (1950). While the Act provides for the satisfaction of all recorded liens, there is no provision in the Act which will permit the appellant to charge her unliquidated and unrecorded support claims against the appellee's share of the proceeds. The statute provides for the payment of recorded liens out of the proceeds of the partition sale and they are the only charges permissible. *See, e.g., Leavy v. Leavy,* 16 D. & C. 2d 698 (Lycoming C. P. Ct. 1958) ; *Wilson v. Wilson,* 4 D. & C. 2d 152, 153 (Phila. C. P. Ct. 1955).

Finally, the appellant contends that, since the date of the separation in 1967, she has paid all the expenses necessary to preserve and protect the property, including mortgage payments, taxes, insurance premiums and general repair expenses. The appellant seeks a credit for one-half of all money spent in preservation of the property since the separation. This claim must also be denied. In *Hunsberger v. Bender,* 407 Pa. 185, 187,

180 A. 2d 4, 5 (1962), where we interpreted the Act of May 13, 1925, P. L. 649,[3] we stated: "This [statute] requires an equal division of the sale proceeds *after* the payment of expenses of the sale. . . . The statute makes no exception, moreover, for those cases where an equal division would unjustly enrich one tenant at the expense of the other because of expenditures made either before or after the divorce." (emphasis in original).

We hold that the only deductions which may be made from the proceeds of a partition effected under the provisions of the Act of May 10, 1927, as amended, are liens entered of record at the time of the sale. In so holding we are not making any determination about possible substantive legal rights which may exist between the parties arising out of their ownership of the properties in question. Since the properties have not yet been partitioned, either party is free to seek legal redress including the creation of a lien against the properties in question which would be honored at a later date.

The decree of the court below is affirmed and the case remanded for further proceedings consistent with this opinion. Appellee is to pay his own costs.

Mr. Justice ROBERTS concurs in the result.

---

[3] The Act of May 13, 1925 was the immediate predecessor of the Act of May 16, 1927, which is involved in this case. Section 3 of the Act of May 13, 1925 provided: "The interest of each of the respective tenants by entireties shall be conclusively deemed to be one-half of the value of the property. The proceeds of any sale had under the provisions of this act after the payment of the expenses thereof shall be equally divided between the tenants by entireties."

Similar language was included in the Act of May 10, 1927, which replaced the 1925 Act. The present statutory language, supplied by the 1949 amendment to the Act of May 10, 1927, provides for equal division of the proceeds subject only to recorded liens and is set out above.