## Hiras v. Hiras

*Anthony Miele*, for plaintiff.
*John C. Youngman, Jr.*, for defendant.

RAUP, *J.*, October 16, 1974—This is an action in equity for an accounting by plaintiff-wife against defendant-husband and is before the court on exceptions to a trustee's account and proposed distribution.

The parties were married September 30, 1962, and were divorced on September 22, 1971. They came to own, as tenants by the entireties prior to the

divorce, and as tenants in common thereafter, a building containing four apartments, located in Hepburn Township, Lycoming County. Three of the apartments were rented, and the husband and wife lived in the fourth prior to their separation in 1969; thereafter, defendant continued to live in the apartment alone. The property was sold in 1972 and the money from the sale has been held in escrow.

On October 23, 1973, pursuant to the Act of May 10, 1927, P.L. 884, sec. 2, 68 P.S. §502, a trustee was appointed to determine distribution of the entireties property. On June 11, 1974, the trustee filed his first and final account with statement of proposed distribution. On June 20, 1974, the parties filed reciprocal exceptions to the trustee's report, but plaintiff withdrew her exceptions at the time of oral arguments.

Defendant contends that he is entitled to reimbursement for mortgage payments and oil payments he made on the property held by plaintiff and defendant as joint tenants from date of separation to date of sale.

The court considers that the exceptions are without merit.

Section 3 of the Act of May 10, 1927, as amended, provides:

"The proceeds of any sale under the provisions of this act . . . shall be equally divided between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties . . . and the amount of any liens entered of record against either of such parties . . . shall be deducted from the share of the party against whom such lien is filed . . ." 68 P.S. §503.

The only deductions which may be made from the proceeds of a partition effected under the provisions of the Act of May 10, 1927, P.L. 884, as amended, are liens entered of record at the time of sale: Lykiardopoulos v. Lykiardopoulos, 453 Pa. 290, 309 A. 2d 548 (1973). In the case of a mortgage, the mortgagee would be entitled to a deduction of the balance outstanding on the mortgage at the time of sale. Here, prior to sale, defendant made certain payments on the mortgage, thereby reducing the principal balance. However, in the absence of a lien for those payments in favor of the husband and recorded at the time of sale, the payments are not a proper deduction under the Act of 1927, as amended. The same rationale applies to the oil payments made by defendant.

The court is "not making any determination about possible substantive legal rights which may exist between the parties arising out of their ownership of the properties in question." See Lykiardopoulos, supra, at page 295.

We make the following

## ORDER

And now, October 16, 1974, plaintiff's exceptions are ordered marked "withdrawn" and defendant's exceptions are dismissed. The trustee's first and final account is confirmed absolutely. The trustee is directed to make distribution in accordance with the schedule contained therein, after the lapse of the period during which appeal from this order may be made.

RAUP, *J.*, May 8, 1975—This matter is before the court on defendant's petition for rehearing on his exceptions. Those exceptions were denied in an

order of this court dated October 16, 1974. After rehearing, the court finds that the exceptions should be sustained in part.

A short review of the history of this case will be helpful in articulating the error which we find was made in our order of October 16, 1974:

Plaintiff filed her complaint on June 21, 1971, asking a "partition of both real estate and an accounting of the personal property" owned jointly by the parties. On September 22, 1971, defendant-husband obtained a divorce on the ground of indignities from wife-plaintiff. In June of 1972, the real estate was sold and the proceeds were held in escrow pending resolution of the partition portion of the action. On December 12, 1972, the Hon. Thomas Wood entered an order partitioning the real estate (more correctly the proceeds from the sale of the real estate) in equal portions to the parties hereto. On September 19, 1973, the parties stipulated that the court appoint a trustee "to determine disposition of properties held as tenants by the entireties prior to the September 22, 1971 divorce." Thereupon, October 23, 1973, the court entered an order entitled "Order of Court pursuant to Act of 1927, May 10, P.L. 84, Sec. 2 (68 P.S. 502)" appointing a trustee to determine the disposition of the properties held as tenants by the entireties prior to the divorce. As it develops, the trustee's commission should not have been subject to the provisions of that act, but rather subject to the rules of procedure governing equity actions. On June 11, 1974, the trustee filed his report. The parts of the report which pertain to the issue before the court are these:

Paragraph 10—the proceeds from the sale of the real estate ($7,942.78) are held in escrow.

Paragraph 12—the fund, excluding the fund in escrow from the sale of real estate, which is to be distributed is $11,632.50.

Paragraph 15—the trustee disallowed one-fourth of the electricity and fuel bills (total disallowance, $736.50) for the reason that defendant had occupied one of the four apartments in the property in question at the time the bills were incurred.

Paragraph 16—the request of credit for payments on the mortgage (claim of $2,422.85) was disallowed because "defendant had possession of their jointly owned real estate to the exclusion of the plaintiff."

A concluding note, "Note: this award does not include nor cover proceeds from sale of real estate held in escrow."

The trustee's report was approved in a decree nisi dated June 11, 1974. Defendant filed his exceptions to the trustee's report on June 21, 1974. The opinion and order of this court dated October 16, 1974, denied defendant's exceptions with respect to the mortgage payments and fuel and electrical payments on the theory that the proceedings were governed by the Act of May 10, 1927, P.L. 884, secs. 2, et seq., 68 P.S. §502, which would require the disallowance of such claims unless they had been reduced to a lien of record.

Defendant filed a timely request for rehearing, alleging that the provisions of the cited act were not controlling. It is clear in reviewing the facts of this case that the Act of 1927 would govern only the sale and division of proceeds of sale of real estate owned as tenants by the entireties, whereas the matter before the court is the accounting by defendant for jointly-owned personalty, specifically excluding

the proceeds of the sale of the real estate; therefore, the requirement of a recorded lien is inapplicable.

Defendant is entitled to a credit for the payments he made on the mortgage. This right to credit is unaffected by the fact that he occupied one of the four apartments in the building during the period in question, even if that occupation was to the exclusion of plaintiff. The mortgage payments increased the equity of both parties in the property and constitute a proper subject for a credit: Wallick v. Wallick, 58 D. & C. 2d 286 (York Co., 1972).

The oil and electric bills for the portion of the premises occupied by defendant during the period in question would be proper credits if the possession of the property by defendant was not to the exclusion of plaintiff. The trustee found that the possession was to the exclusion of defendant. However, a review of the record would indicate that there was no evidence adduced at the hearing to support that finding.

The court takes note that the divorce proceedings between these parties (Lycoming Co., No. 70-2947) were instituted by the husband (defendant herein) against the wife, averring the ground of indignities. The master specifically found that Mrs. Hiras was guilty of indignities and had separated from defendant in this case. The master's report was confirmed and a final decree of divorce entered. A finding in this proceeding that the husband had excluded the wife from the property would be inconsistent with that earlier adjudication. There being no evidence that defendant herein excluded plaintiff from the premises, the court holds that defendant is entitled to an additional credit for the oil and electric bills in the amount of $736.50.

## FINAL DECREE

And now, May 8, 1975, upon rehearing, defendant's exceptions are sustained insofar as the trustee disallowed mortgage payments by defendant in the amount of $2,422.85 and oil and electric payments by defendant in the amount of $736.50. Otherwise, the trustee's report is confirmed absolute, and the fund shall be distributed as follows:

| | | |
|---|---|---|
| Fund subject to accounting | | $ 11,632.50 |
| Credits allowed defendant | (-) | 7,786.73 |
| Costs of proceeding | (-) | 608.00 |
| Balance for distribution | | $ 3,237.77 |
| Due Zoie H. Hiras (now Zoie H. Alvarez) | | 1,618.88 |
| Due Harry M. Hiras | | 1,618.89 |