## **Van Dyke v. Van Dyke**

*K. Clinton Fogwell*, for plaintiff.
*Mary Wade Myers*, for defendants.

O'DONNELL, *J.*, July 1, 1977—This is an action in equity brought by a former wife of one of defendants to impress an equitable lien upon a fund created by the sale of real estate formerly owned as tenants by the entireties. The other defendants are the husband's present wife and the escrow agents who conducted the settlement. The latter answer,

in effect, that they will be happy to pay the funds to whomsoever the court orders.

The issue raised concerns a lien held by the Pennsylvania Department of Public Welfare in the sum of $1,561.90 filed of record as a judgment against plaintiff only arising out of welfare payments made to her while the marriage subsisted. Her theory is that these support payments were made at a time when her husband owed her a duty of support.

Defendant-husband has filed preliminary objections to the complaint and the plaintiff has filed preliminary objections to those objections. We will dispose of all of these at once.

The preliminary objections to the complaint claim that the new wife is not a proper party, and aver facts from which could be found that the husband owed his former wife no duty of support during the times that the welfare payments were made. Plaintiff properly preliminarily objects to these averments for they are a "speaking demurrer" unsupported by oath or affirmation and constitute no proper part of a preliminary objection, the sole grounds for which are set forth in Pa. R.C.P. 1017 and Pa. R.C.P. 1501. They are, accordingly, stricken.

One of the husband's objections, however, must be dealt with. In it he contends that the proceeds of sale of partitioned real estate must be divided equally except as adjusted by liens filed of record as against either party. While not so designated in the preliminary objections filed, this contention is, in effect, a demurrer and will be so treated.

Section 3 of the Act of May 10, 1927, P.L. 884, as amended, 68 P.S. §503, provides:

"The proceeds of any sale had under the provisions of this act, after the payment of the expenses

thereof, shall be equally divided between the parties, . . . and the amount of any liens entered of re( ⁻⌐ against either of such parties, together with ir ⁺ due and costs taxed thereon, shall be de-d⁻ ⌐m the share of the party against whom su ⌐n is filed, . . . ."

'⌐ ⌐s act is to be strictly construed.

"Nor may equitable liens or other claims be charged against the proceeds or either party's share of them: . . ." Jamieson v. Jamieson, 14 Chest. Co. (1965).

To the same effect are Tiche v. Fassett, 62 D.&C. 2d 398 (1973), and Lykiardopoulos v. Lykiardopoulos, 453 Pa. 290, 309 A.2d 548 (1973). To expose the proceeds of the sale of partitioned property to claims for support antedating the divorce would entirely frustrate the statutory scheme.

## ORDER

Defendant's preliminary objections in the nature of a demurrer are sustained. Since it appears that the complaint is not capable of amendment to cure this substantive defect, the complaint is dismissed and judgment is hereby entered in favor of defendants and against plaintiff in no amount.