## Korn v. Korn

*Kenneth E. Fox, Jr.,* for plaintiff.
*Charles W. Garbett,* for defendant.

HENDERSON, *P. J.,* September 20, 1977—Plaintiff has filed a petition to partition and sell two lots of land and a 1970 Cadillac which had been held by the parties as tenants by the entire-

ties prior to their divorce. In this petition, he listed a number of debts which were jointly owed by the parties at the time of their separation in 1975. In his prayer for relief, plaintiff requests the court to allocate these debts between the parties and satisfy said debts from the proceeds of the sale of the property.

Defendant made preliminary objections to the parts of the petition concerning the allocation and satisfaction of the parties' debts from the proceeds of the sale of said property. This appears to fall with the objections allowed by Pa. R.C.P. 1017 (b) (2) as "a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter".[1]

Defendant correctly states that under section 3 of the statute providing for partition of property formerly held as tenants by the entireties, Act of May 10, 1927, P. L. 884, as amended, 68 P. S. §503, only liens of record entered jointly against the parties may be satisfied by the proceeds of a sale of such property. Since plaintiff's petition did not allege that any of the debts listed were liens of record, defendant argues that all reference to the debts should be stricken.

Plaintiff does not contest this reading of the statute. His contention is that such a lien of record may be created at any time before the sale of the property: Lykiardopoulos v. Lykiardopoulos, 453 Pa. 290, 309 A.2d 548 (1973), quoted by both sides in the briefs, supports this view.

The only real question to be resolved here is whether the part of the petition concerning the

---

1. Assumpsit procedural rules apply to partitions unless overridden by the specific rules for partitions of realty, Pa. R.C.P. 1551 et seq., or the equity rules Pa. R.C.P. 1501 et seq.

parties' debts should be stricken as impertinent. As long as the listed debts are not made liens of record, they are irrevelant to the proceeding. But since there is the possibility that at some point prior to the sale of the property a lien of record may be created from one of these listed debts, we cannot categorically say that these debts are wholly irrevelant. There is no need to strike this portion of the petition at this time. This conclusion is bolstered by the fact that no prejudice is caused to defendant by the continued inclusion.

Since the list of debts is, as plaintiff concedes, mere surplusage, defendant may ignore paragraph ten of plaintiff's petition when drafting his answer.

## ORDER OF COURT

Now, September 20, 1977, in conformity with the opinion filed herewith, it is hereby ordered, adjudged and decreed that defendant's preliminary objections are overruled and defendant is granted an additional twenty days from the date hereof within which to file a responsive pleading.