## Lohmiller v. Weidenbaugh

*William H. Yohn, Jr.*, of *Binder, Yohn & Kalis*, for plaintiff.
*Arthur L. Jenkins, Jr.*, of *Smith, Aker, Grossman, Hollinger & Jenkins*, for defendant.

MOSS, *J.*, November 23, 1977—These proceedings pose the question of whether an action may be maintained to partition an undivided interest held by a man and woman in real estate, which interest was formerly owned by them as tenants by the entireties, but now by reason of their divorce is owned by them as tenants in common, or whether the owner in common of the remaining undivided interest is a necessary party.

The complaint alleges, and for purposes of disposing of the preliminary objection which has been filed, it is admitted, that plaintiff, Harold V. Lohmiller, was the husband of defendant, Joan F. Lohmiller (now by remarriage Weidenbaugh), from August 20, 1960, until July 9, 1976. On the latter date, the parties were divorced absolutely by decree of the court of common pleas of Berks County, Pennsylvania.

Between December 22, 1971, and January 13, 1975, Hazel R. Lohmiller conveyed to plaintiff and defendant as tenants by the entireties, undivided interests aggregating 10/25ths interest, in certain lands in Montgomery County. Plaintiff and defendant still own that share, and Hazel R. Lohmiller owns the other 15/25ths interest.

Plaintiff prays for the partition of the said undi-

vided 10/25ths interest in the tract under the Act of May 10, 1927, P.L. 884, as amended, 68 P.S. §501.

Defendant filed preliminary objections and contends, simply, that Hazel R. Lohmiller, the tenant in common, is a necessary party, especially since there are judgments and liens upon the real estate which would have to be dealt with upon a sale of the property or interest which would be partitioned. Plaintiff concedes that there is a judgment of Montgomery-Bucks Farm Bureau Cooperative against plaintiff and defendant in the present total indebtedness of $20,198.79 and that the Farmers Production Credit Association of Norristown has a valid claim of $5,000 secured by a financing statement.

Pa.R.C.P. 1553 provides that in a partition action all cotenants other than plaintiff shall be joined as defendants.

However, as has been stated, "Actually, this [an action such as the instant action] is not partition, since the Act makes no provision for the division of the property in kind. Sale by the trustee and division of the proceeds are mandatory in all cases. . . . These Rules will therefore not apply to the partition of real property held by the entireties by divorced spouses. The statutory procedure will remain the sole method in this situation." 5 Goodrich-Amram 2d §1551:8.

The Act of May 10, 1927, P.L. 884, as amended, sec. 1, 68 P.S. §501, provides: "Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court . . . , sitting in equity, . . .

against the other to have the property sold and the proceeds divided between them . . . "

In Lykiardopoulos v. Lykiardopoulos, 453 Pa. 290, 293, 309 A. 2d 548 (1973), the Supreme Court decided that the Act of 1927 "provides a complete procedure to be followed when parties who have been divorced partition property formerly held as tenants by the entireties."

The question, narrowly stated, is whether section 1 of the Act of 1927 applies only to property held in fee simple as tenants by the entireties or whether it applies to lesser interests such as undivided interests held as tenants by the entireties.

The act does not expressly exclude the lesser interests, such as undivided interests, from its scope. "According to common law concepts property is 'the right of any person to possess, use, enjoy and dispose of a thing.' " Willcox v. Penn Mutual Life Ins. Co., 357 Pa. 581, 595, 55 A. 2d 521 (1947). We think the act was intended to be construed broadly to cover fee simple interests and lesser interests such as shares held in common with others beside the divorced man and woman.

The act is applicable only to property owned in common by and between the divorced husband and wife. Hence it is plainly unnecessary to join the owner of the other 15/25ths interest in the property.

Of course, Hazel R. Lohmiller may institute her own action in partition. That would be a true action in partition, not a statutory sale and division of proceeds under the Act of 1927. It may be too much to hope that the interests of all parties having an interest as title holders or liens may be adjusted amicably without compounding the litigation affecting this real estate.

The legislature having enacted that whereas the divorced husband and wife held as tenants by entireties before divorce, they now hold as tenants in common, it may be argued that under the Fifth and Fourteenth amendments of the Constitution of the United States and under article 1, section 9 of the Constitution of Pennsylvania, it is an irrational and hence unconstitutional distinction for the general assembly to ordain that the substantive and procedural rights of tenants in common who acquired such title automatically by operation of law on the entry of a final decree in divorce are different than the rights of other tenants in common. However, the constitutionality of the Act of May 10, 1927, P.L. 884, as amended, supra, appears to be implied by the opinion of the Supreme Court of Pennsylvania in Lykiardopoulos, supra. In any event, the question has not been raised in this case and need not be decided at this time, especially since there has been no allegation that the act is unconstitutional and no notice has been given to the attorney general under Pa.R.C.P. 235(a).

## ORDER

And now, November 23, 1977, the preliminary objection to the complaint is overruled and dismissed. Defendant is allowed 20 days from the date hereof within which to file her answer to the complaint.