437 A.2d 752

**Patricia A. MOYER**

v.

**Theodore R. MOYER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1980.

Filed Nov. 20, 1981.

Petition for Allowance of Appeal Denied Feb. 15, 1982.

Menno B. Rohrer, Lancaster, for appellant.

Robert S. Trigg, Lancaster, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

Presently before the court is appellant's appeal from the Order of the lower court directing a Master in Partition to remit to the Domestic Relations Office of Lancaster County, any funds due appellant and in the possession of said Master, realized from the sale of real estate formerly owned by appellant and appellee as tenants by the entireties. Prior to the time the parties were divorced, appellant was in arrears in support payments for his minor children in an amount in excess of $2,300.00.

Appellant alleges that the court erred in its March 21, 1980 (support) order when it directed a Master in a separate and distinct partition action to remit funds payable to the appellant to a person or entity other than the appellant.

We concur with the action of the lower court and, hence, affirm.

The operative facts may be briefly summarized as follows: Appellee filed a support action on February 28, 1978 against the appellant. At hearing on April 28, 1978, the appellant was ordered to pay $60.00 per week for the support of his minor children. That order has continued in full force and effect at all times relevant to this matter. The parties were divorced by Decree in Divorce dated September 29, 1978 in the Court of Common Pleas of Lancaster County, Pennsylvania.

On February 2, 1979, (obviously subsequent to the entry of the Decree in Divorce between the parties)' appellee filed an action in partition against the appellant in the Court of

Common Pleas of Lancaster County pursuant to 68 P.S. § 501 etc.[1]

Appellant did not file an answer to appellee's Complaint in Partition and thereafter Harry R. Harmon was appointed as Master in Equity. In this capacity, he sold the real estate in question at public sale, which sale was confirmed *nisi* by the court on January 18, 1980. Exceptions by the appellant to the proposed decree *nisi* were dismissed on February 15, 1980, and this order also provided that no distribution of funds from the proceeds of public sale shall take place prior to a filing of a proposed Schedule of Distribution by the Master. Neither Exceptions to the February 15, 1980 order nor a proposed Schedule of Distribution have been filed to date.

Returning now to the April 28, 1978 support order, appellee brought a Petition for Rule to Show Cause why appellant should not be held in contempt for his failure to comply with same. A hearing was held on October 4, 1979, at which time the lower court directed the appellant to show cause why he should not be held in contempt. At the close of the hearing, the court ordered the appellant to pay $500.00 on the arrearages and continued the support order in effect.

On March 21, 1980, the court held another hearing on the support action on a further Rule to Show Cause why appellant should not be held in contempt. The court noted that the appellant had previously been held in contempt and was informed that he had failed to comply with the October 4, 1979 order requiring the payment of $500.00. Following the March 21, 1980 hearing, the court found that the current arrearages were in excess of $2,660.00 and was further

1. § 501. Divorced tenants by entireties hold as tenants in common; suit for sale and division of proceeds
Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit against the other to have the property sold and the proceeds divided between them.
As affected 1978, April 28, P.L. 202, No. 53, § 2(a) [1092], effective June 27, 1980. 68 P.S. § 501 etc.

advised that Harry R. Harmon, Esquire, the Master in Equity, was holding proceeds from the sale of the real estate pursuant to appellee's action in partition. The court thus directed the Master in Partition to remit to the Domestic Relations Office to be credited towards the arrearages, any balance of the funds held by him which were otherwise due and payable to the appellant.[2]

Appellant complains that that portion of the March 21, 1980 Order which directs the Master to remit the funds held by him, constituted an abuse of the lower court's discretion. Appellant argues that said directive violates 68 P.S. § 503 which provides:

§ 503. Division of proceeds; liens; record of divorce decree; payments into court

The proceeds of any sale had under the provisions of this act, after the payment of the expenses thereof, shall be equally divided between the parties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective parties, together with any interest due thereon and docket costs; and the amount of any liens entered of record against either of such parties, together with interest due and costs taxed thereon shall be deducted from the share of the party against whom such lien is filed, and paid to the person or persons to whom the same is due and payable: Provided, however, That no decree of divorce as aforesaid shall be effective to change the existing law relating to liens upon property held by tenants by the entireties, except a decree of divorce that is valid in this Commonwealth, and not until the said decree of divorce, or a certified copy thereof, shall be recorded in the office

---

2. As part of the March 21, 1980 Order of the lower court directed that the previously entered support order for the support of the parties five minor children be modified from $60.00 per week to $45.00 per week effective June 5, 1980 at which time Theodore, III was to graduate from high school and was to be removed from the order. This aspect to the March 21, 1980 Order is not relevant to this appeal.

of the recorder of deeds of the county where the property is situate, which decree shall be indexed in the grantor's index against each of the said tenants by the entireties.

As affected 1978, April 28, P.L. 202, No. 53, § 2(a) [1092], effective June 27, 1980.

as well as *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973). Appellant contends that since the support arrearages had not been reduced to judgment, they may not be considered a lien of record. Our Supreme Court in *Lykiardopoulos* (supra), 453 Pa. at 294, 309 A.2d 548 held:

> The statutory language is clear—only liens of record may be deducted from the proceeds of the partition sale. At common law, property which was held in tenancy by the entireties during marriage remained entireties property even after a divorce. *O'Malley v. O'Malley*, 272 Pa. 528, 532, 116 A. 500 (1922). The Act of May 10, 1927, as amended, which converts a tenancy by the entireties into a tenancy in common after a divorce and permits either party to partition the property, is in derogation of the common law and must be strictly construed. *Lazare v. Lazare*, 365 Pa. 591, 594, 76 A.2d 190 (1950). While the Act provides for the satisfaction of all recorded liens, there is no provision in the Act which will permit the appellant to charge her *unliquidated* and *unrecorded* support claims against the appellee's share of the proceeds. The statute provides for the payment of recorded liens out of the proceeds of the partition sale and they are the only charges permissible. (Citations omitted). (Emphasis added).

Hence, appellant requests that we annul that portion of the appealed-from Order.

Contrariwise, appellee argues that at the March 21, 1980 hearing, it was established that she had procured the entry of a judgment against the appellant for the amount of the support arrearages for the expressed purpose that same may be paid out of the proceeds of the sale from the partition

action in satisfaction of a recorded lien. In support of her contention, she directs the court's attention to a previously-filed Petition to Strike Judgment by appellant which was still pending at the time of the March 21, 1980 hearing. Appellee contends that it was in this context that the lower court entered the Order from which the instant appeal has been brought.[3]

Since we feel that the lower court acted properly in entering its Order, we shall refuse to annul any portion of same and affirm the action of the lower court.

The holding in *Lykiardopoulos* (supra) is distinguishable on its facts from the case at bar. In *Lykiardopoulos*, our Supreme Court affirmed a lower court holding that a wife's *claim for support* for herself and for her minor children constituted a personal obligation and could not be considered as part of the partition proceeding while in the case at bar appellant's support arrearages were liquidated and recorded *de minimus* in the sense that appellant had actual knowledge of same. We conclude that an Order of Support constitutes a sufficient "record" so as to put appellant on actual notice that the proceeds of sale may be used to satisfy his support arrearages.

In our system of justice, a minor dependent child's entitlement to support and maintenance is founded in statute:

## ACTIONS FOR SUPPORT AND MAINTENANCE

§ 131. Right of action; jurisdiction; spouses competent witnesses

If any man shall separate himself from his wife or children without reasonable cause, and, being of sufficient

---

**3.** There is nothing in the record to indicate whether or not the judgment had, in fact, been entered of record. Be that as it may, we still feel that the lower court acted properly when it ordered the Master in Equity to remit the funds held by him to the office of the Domestic Relations Division in an effort to liquidate the arrearages on appellant's support order.

ability, shall neglect or refuse to provide suitable maintenance for his said wife or children, action may be brought, at law or in equity, against such husband for maintenance of said wife or children, in the court of common pleas of the county where service may be had on the husband as in other actions at law or in equity or in the county where the desertion occurred, or where the wife or children are domiciled, *and the said court* shall have power to entertain a bill in equity in such action, and *shall make and enforce such orders and decrees as the equities of the case demand,* and in such action, at law or in equity, the husband and wife shall be fully competent witnesses. 1907, May 23, P.L. 227, § 1; 1909, April 27, P.L. 182, § 1(1); 1955, Dec. 15, P.L. 878, § 1. 48 P.S. § 131. (Emphases added). (As affected 1978, April 28, P.L. 202, No. 53, § 2(a), [902] effective June 27, 1980.)

To the extent that one may opine that we are either deviating from, or carving out, an exception to the literal language of Section 503 quoted above . . . , so be it.

As Section 131 dealing with a minor's entitlement to support and maintenance demands, the court "shall make and enforce such orders and decrees as the equities of the case demand, . . . ." In the instant case, it is crystal clear that the equities demanded that the court below entered the provision in the appealed-from Order which directed the Master to remit appellant's portion of the proceeds from the sale towards the payment of accumulated arrearages in support.

Order affirmed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

The majority has improperly created its own exceptions to 68 P.S. § 503.