J-A15024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THERESE SABREE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ERNEST H. SHARIF | : | |
| | : | |
| Appellant | : | No. 1490 WDA 2021 |

Appeal from the Order Entered December 7, 2021,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  FD 00-000529-002.

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: AUGUST 2, 2022**

Ernest H. Sharif, Esq. appeals, *pro se*, from the order directing partition of the property that he and his ex-wife, Therese Sabree, own.  Because the parties did not contract for Ms. Sabree to surrender her right as a cotenant to seek a partition of the property, and because laches is inapplicable, we affirm and remand for further proceedings.

Mr. Sharif and Ms. Sabree married in 1989 and acquired the home at issue during their marriage.  Fifteen years later, Ms. Sabree moved to Florida with the couple's minor son, due, in part, to physical abuse that Mr. Sharif inflicted upon her.  The following year, Mr. Sharif filed for divorce.  In May of 2010, Mr. Sharif moved for a final order of divorce, to which he attached an affidavit of consent.  Both parties signed that document.

The affidavit provided in relevant part, "The parties agree [Ms. Sabree] has sole custody of [the minor] child and may allow child to visit [Mr. Sharif] throughout the year at [Ms. Sabee's] discretion."  Affidavit of Consent,

5/27/10, at 1 (some capitalization omitted). The next section, on "PROPERTY RIGHTS," stated, "The parties agree [Mr. Sharif] will have the right to sole possession of [the home] as between the parties, and that [Ms. Sabree] will not surrender any ownership rights that she acquired in [the home] during the marriage." *Id.*

A final decree of divorce issued on November 8, 2010.

In 2018, Mr. Sharif fell behind on a loan. In order to modify that loan, Mr. Sharif petitioned the trial court to remove Ms. Sabree's name from the deed to the home. As a result, the parties entered a consent order, wherein Ms. Sabree agreed to co-sign the loan modification without assuming financial responsibility. She also agreed not to seek a partition of the property until either (a) the lender accepted the loan modification or (b) 60 days passed.

Sixty-three days later, Ms. Sabree commenced this partition action. The matter proceeded to a bench trial on whether Ms. Sabree may demand a partition of the property. Thereafter, the court entered an order directing equitable partition. This timely appeal followed.[1]

Mr. Sharif raises two issues on appeal:

> 1. Whether the trial court erred in finding that the affidavit of consent . . . was void and inapplicable in this case?

---

[1] ***See Kapcsos v. Benshoff***, 194 A.3d 139, 142 (Pa. Super. 2018) (*en banc*) (describing the procedure for a partition action and explaining that it involves two, distinct phases; following the first phase, any party may appeal the order directing partition as of right).

2. Whether the trial court erred in finding that the doctrine of laches was inapplicable on the basis that [Mr. Sharif] is seeking this remedy with unclean hands?

Mr. Sharif's Brief at 7 (some capitalization omitted).

When reviewing a trial court's non-jury decision, our "standard of review . . . is to assess whether the findings of facts by the trial court are supported by the record and whether the trial court erred in applying the law." **Woullard v. Sanner Concrete & Supply**, 241 A.3d 1200, 1207 (Pa. Super. 2020). Additionally, this Court "must consider the evidence in the light most favorable to the verdict winner and reverse the trial court only where the findings are not supported by the evidence of record or are based on an error of law." **Id.** Regarding questions of law, our scope of review is plenary, and our standard of review is *de novo*. **See id.**

The learned Judge Mary C. McGinley, writing for the Court of Common Pleas of Allegheny County, authored a detailed, well-reasoned opinion to support the order that the property by equitably partitioned. Based upon our review of that opinion, the record evidence, the parties' appellate briefs, and oral argument before this Court, we fully agree with the trial court's legal analysis. Because the trial court's opinion thoroughly and correctly addresses the matters that Mr. Sharif raises on appeal, we adopt the trial court's opinion dated January 27, 2022 as our own.

Therein, the trial court held that Ms. Sabree did not surrender her right to seek a partition of the marital home by signing the May 27, 2010 affidavit

- 3 -

of consent. The only property right that Ms. Sabree forfeited in the affidavit was her right of possession, not her ownership rights, which include the right of partition.

Regarding the equitable doctrine of laches, the trial court first found that Ms. Sabree did not delay in filing suit, because she initiated this action three days after the 60-day-waiting period under the consent order expired. Also, even if we calculate the time period from when Ms. Sabree left the home (in 2004), the trial court determined that equity still would not lend Mr. Sharif its aid, because he physically abused Ms. Sabree during their marriage. That abuse forced her to flee the martial home with their son. Thus, the trial court ruled that Mr. Sharif had unclean hands. The evidence of record, when viewed in the light most favorable to Ms. Sabree, supports that factual finding.

We direct the parties to attach a copy of Judge McGinley's opinion to this Memorandum in all future proceedings.

Order affirmed. Case remanded for equity to partition the property.[2]

Jurisdiction relinquished.

---

[2] Ms. Sabree's request for sanctions against Mr. Sharif is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/2022

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA
FAMILY DIVISION

Therese Sabree,

Plaintiff,

v.

Erest Sharif,

Defendant.

FD.00.-00529.002
1490 WDA 2021

### Opinion

Appellant/Defendant Ernest Sharif ("Defendant") appeals this Court's Order dated December 3, 2021 (the "Order") granting the request of Appellee/Plaintiff Therese Sabree (formerly Therese Sabree-Sharif) ("**Plaintiff)** for partition of the property located at 157 Villa Drive, Pittsburgh, Pennsylvania 15214 (the "Property") and affirming that each cotenant "has a one-half equal share in the property or in the alternative, in the value in the property at the 'time of sale." On December 10, 2021, Defendant timely tiled his Notice of Appeal from the Order to the Superior Court of Pennsylvania at 1490 WDA 2021.

### BACKGROUND AND PROCEDURAL HISTORY

The parties were married on February 11, 1989. The Property was purchased during the course of the marriage. While Defendant was the sole borrower listed on the original Mortgage, the Deed dated March 28, 1994 recites a transfer of the Property from Maranda Homes, Inc. to Ernest H. & Therese H. Sharif (HUSBAND & WIFE)" in exchange for the consideration of $92,450.00. (Plaintiff's Exhibit A).

Prior to Defendant filing for Divorce in 2005, Plaintiff had filed for and obtained a Protection from Abuse Order against Defendant in 2000. Plaintiff testified that at that time she

1

began to plan for a separation and divorce from Defendant by completing her Master's degree so that she could command a higher salary and move away from Pittsburgh. (Transcript p. 13). In July of 2004, Plaintiff moved with the parties' then minor son to Florida where Plaintiff secured a position as a teacher. (Transcript pp. 37-38). On February 18, 2005, Defendant filed a one count Complaint in Divorce.

There was no further docket activity until May 27, 2010, when Defendant filed a Motion for Final Order of Divorce to which an Affidavit of Consent notarized on the same day was attached (the "Affidavit of Consent").[1] In addition to statutory language provided for in the Divorce Code, the May 2010 Affidavit of Consent contained the following recitations relating to custody and property rights:

## CUSTODY

During the marriage (1) child was born to the Parties on January 16, 1994 whose name Isa Sharif,

The Parties agree that Defendant has sole custody of Child and may allow Child to visit father (plaintiff) throughout the year at Defendant's discretion.

### PROPERTY RIGHTS

During the marriage the Parties obtained (1) house (Property) at 157 Villa Drive, Pittsburgh, Pennsylvania 15214,

The Parties agree that Plaintiff will have sole possession of Property as between the Parties, and that Defendant will not surrender any ownership rights that she acquired in said Property during the marriage.

Defendant is presently living at 4620 Cason Cove Dr., Apt. 715, Orlando, FL 32811, and has been a resident of the State of Florida since July 2004.

---

[1] The Affidavit of Consent is central to the parties' respective positions. Although the Affidavit of Consent was not separately introduced or admitted as an exhibit at hearing, it is filed on the docket as an attachment to Defendant's Motion For Final Order of Divorce filed on May 27, 2010 [Docket Entry 4] and to Plaintiff's Motion to Confirm Custody filed on August 26, 2010 [Docket Entry 5]. Neither party disputes that both parties signed the Affidavit. For ease of reference, the Court has included the Affidavit of Consent with the trial exhibits filed of record as "Trial Court Supplemental Exhibit (hereinafter, "TC Supp), I."

[2] In the Affidavit of Consent, the Plaintiff in the present action is referred to as the "Defendant" and the Defendant in the present action was referred to as the "Plaintiff and "father".

In May of 2010, when each of the parties signed the Affidavit of Consent, neither party was represented by counsel as was noted in the preamble of the Affidavit. (Transcript pp. 17, 64, and 81). Defendant drafted this document. (Transcript p. 75). Subsequently, a Motion to Confirm Custody was submitted to the Court on Plaintiffs behalf by Robert B. Marcus, Esq., who never formally entered his appearance for the matter. (Transcript pp. 16, 21). This Motion had attached the Affidavit of Consent, and only made reference to the terms of the custody provision in requesting the Order of Court confirming custody. The Order of Court confirming the custody arrangement was signed on August 25, 2010.

A Motion for Final Order of Divorce was also signed on August 25, 2010; however, a number of issues with the record had to be cured before the Divorce Decree was granted on November 8, 2010. *Inter alia,* both the proposed decree attached to the Divorce Complaint and the Affidavit of Consent were not in the form prescribed. [Docket Entry 9]. New Affidavits of Consent without reference to custody and possession were signed by each party on October 26, 2010 and filed on November 4, 2010, following which the Divorce Decree issued.

In March 2018, Defendant petitioned the Court to remove Plaintiff from the Deed on the basis that she would not sign a Loan Modification Agreement, which was needed because Defendant had fallen delinquent on the loan and Plaintiff was named on the Deed. (Transcript p. 73). Pursuant to a Consent Order of Court dated April 10, 2018, Plaintiff agreed to sign the Loan Modification Agreement but did not assume any financial obligation by virtue of her signature. Plaintiff would also forbear from filing an action in partition until the earlier of two conditions occurred: either she received confirmation that the Loan Modification Agreement had been accepted, or sixty (60) days from the date of the Consent Order. Finally, if Defendant fell into

3

default again, he was required to notify Plaintiff within five (5) days of default, and she could petition the court to list the property for immediate sale if he remained in default for thirty (30) days. [Docket entry 21].

On June 12, 2018 (day 63 after the Consent Order), Sabree filed a Complaint for Partition in the Civil Division under GD-18-007480. By Order dated August 9, 2018, the matter was transferred to the Family Division and consolidated at the instant case number. Following delays as a result of judicial reassignments and the COVID-19 pandemic, hearing on the matter was held in person on December 3, 2021. After consideration of the evidence admitted at trial, the Court granted Plaintiff's request to partition the property by Order dated December 3, 2021, the Order from which Defendant appeals.

## MATTERS COMPLAINED OE ON APPEAL

In Defendant's "Statement of Matters on Appeal to Superior Court of Pennsylvania" filed on December 17, 2021, Defendant complains of the following issues:

I. Why did the Judge not enforce the Affidavit of Consent (written Agreement) in this matter; and
2. The Issue of Laches.

## DISCUSSION

Pennsylvania Rule of Appellate Procedure 1925(b)(4)(ii) requires an appellant to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." "The Statement should not... provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). "If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms." Pa.R.A.P. 1925(b)(4)(vi).

Issues not raised in accordance with this rule are waived. Pa.R.A.P. 1925(b)(4)(vii).

Defendant's Statement of Matters runs afoul of Pa.R.A.P. 1925(b)(4)(iv) as it consists of lengthy explanations. The Statement also raises multiple sub issues within a single issue, which makes it difficult for this Court to identify with clarity what Defendant is appealing for a meaningful review. *In re: A.B,* 6 A.3d 345, 350 (Pa. Super. 2013), quoting *Commonwealth ». Dowling,* 778 A.2d 683, 686 (Pa. Super. 2001). In addition, contrary to the concise specificity requirement, Defendant states that all issues raised in his briefs are still at issue." (Defendant's Statement of Matters, p. 2). Accordingly, Defendant has waived any allegations of error. Notwithstanding Defendant's waiver, the law and factual record fall in Plaintiffs favor and the Court will attempt to decipher and address the salient issues complained of below.

## Issue 1

Defendant's first matter complained of is that the Affidavit of Consent bars the Plaintiff from acting on her statutory right to partition the Property acquired during the marriage. Plaintiff retained her right to file for partition even under the terms of the Affidavit of Consent as written. The Parties acquired the Property during the marriage as tenants by the entireties. Upon their divorce, by operation of law, they became tenants in common. (23 P.S.C.A. § 3507). Tenants in common have the right to file for partition at any time and may agree to forego partition for a reasonable amount of time, but it is against the public policy of this Commonwealth to prevent the free alienation of property indefinitely. *Hyatt v. Hyatt,* 273 Pa. Super. 435, 417 A.2d 726 (1979). By the express terms of the Affidavit of Consent, Plaintiff retained all of her rights in the Property except for possession. Defendant admitted on the record multiple times, including when questioned by this Court and Plaintiff's counsel, that Plaintiff has all the rights he has minus possession. (Transcript pp. 64-65, 74, and 81). One of these rights would be the statutory right to

5

seek partition under 23 P.S.C.A. § 3507. Either party may bring an action against the other to have the property sold and the proceeds divided between them. 23 P.S.C.A. § 3507(a).

The Superior Court has previously explained, "Among tenants in common partition of real property is normally a matter of right. However, the statutory right to partition may be modified or postponed for a reasonable time by agreement of the parties." *Hyatt*, 417 A.2d at 729, citing *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973) and *Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976). In *Hyatt*, the Superior Court found that the terms of an agreement did not limit the right of the party out of possession of the property to seek partition to any discernable time. The Court stated, "The indefinite postponement of the right to partition is contrary to the policy of the Commonwealth which is to encourage free alienation. Because this agreement is contrary to the said policy, we hold that it is invalid." *Id.*

In *Kopp v. Kopp*, the Superior Court upheld an agreement wherein the parties agreed that the wife would relinquish all right to support and maintenance and have the sole occupancy of the family residence so long as she paid all mortgage payments, utilities, and taxes. *Kopp v. Kopp*, 339 Pa. Super. 230, 488 A.2d 636, 637 (1985). The Court held that the separation agreement limited the restraints on the right to partition to a period which could not extend beyond the life of the Wife. *Id.* at 639. The Superior Court held that this time period was not an unreasonable restraint on alienation.

In summary, tenants in common have a right to seek partition at any time for any reason, but they may agree to forego that right for a discernable period of time. The only prohibited duration is an indefinite duration. The duration can be made conditional upon actions the party in possession must keep doing – paying the mortgage and taxes – or that they could do in the future – list the property for sale or remarry. The fact that this conditional duration could potentially

6

extend to the end of the life of the party in possession does not render the restraint on alienation unreasonable. Absent words in an agreement creating a definite duration, the duration is deemed indefinite and is therefore an unreasonable restraint on alienation. A definite duration was not contemplated in the Affidavit of Consent.

Defendant argues that the terms of the Affidavit of Consent were ratified by prior Orders in this matter. However, the Court was not previously tasked with addressing the issues of contract interpretation, the duration of possession, or whether the right to partition had been waived by its terms. Further, the Consent Order of Court dated April 10, 2018 specifically contemplates that Plaintiff already had the right to file for partition, which she agreed to forego for no longer than sixty (60) days while the Loan Modification Agreement was completed.[3]

The parties do not dispute that the Affidavit of Consent was relied upon by Plaintiff when she sought an order confirming custody of their then minor child. Plaintiff does not dispute that she agreed to Defendant remaining in sole possession of the property after the divorce, which was memorialized in the Affidavit of Consent. Plaintiff testified that Defendant suggested that they wait to "split the house," because they "were going to build the asset." (Transcript pp. 20-21). During examination by her counsel, Plaintiff affirmed that it was her understanding that the statement in the Affidavit of Consent that preserved all her rights was added in furtherance of their verbal agreement. (Transcript p. 21). At trial, Defendant's recollection about how the agreement came about and what he maintains are the property rights of the parties was as follows:

> So I said, okay, we're going to get the divorce. I said, you need full custody, fine, you can have that, just give me possession of the house. Your rights are still in the

---

3 This Court took judicial notice of the Consent Order of Court at trial. (Transcript p. 30). The Court has included the Consent Order with the trial exhibits filed of record as "TC Supp 2."

7

house. She has all the rights that I have minus possession because that's what she gave me, that's what she agreed to in the agreement, so that's what we did.

(Transcript p. 64)

THE COURT: So the divorce decree gets issued --

MR. SHARIF: The divorce decree gets issued, and the Affidavit of Consent is apart (sic) of the divorce decree.

THE COURT: You still own a property together through the divorce decree?

MR. SHARIF: She has all the rights that I have except for possession. That's the only right she doesn't have, and she gave that up. She agreed to give up the possession right, give me sole possession, and I agreed to give up my rights for the custody and gave her sole custody.

(Transcript p. 65)

Then I had to file a petition to have her name placed off the deed. Now, that did not hurt her rights as a property owner because the property was purchased while we were married, so all of her marital rights were still in tact (sic). It was just a cosmetic thing. That's what they were requiring a signature for me to get into the program.

(Transcript pp. 73-74)

[...] she has the same rights that I have in the property except for possession, and that's what she agreed to in the affidavit of agreement.

(Transcript p. 74)

In assessing the enforceability of the Affidavit of Consent, the Court also concluded that the agreement lacked consideration. Defendant's position is that the consideration for him having possession of the house was that Plaintiff received primary custody of their son. This Commonwealth considers child custody as consideration to be void; therefore, there is no consideration for Defendant's infinite possession of the Property. *Miller v Miller*, 423 Pa. Super. 162, 620 A.2d 1161, 1165 (1993). A contract pertaining to the custody of a minor child is always subject to being set aside in the best interest of the child. *Id.*, citing, *Mumma v. Mumma, 380* Pa. Super. 18, 550 A.2d 1341 (1988). During cross examination Defendant acknowledged that custody agreements are always modifiable. (Transcript p. 82).

8

This Court has not, as Defendant suggested in his Rule 1925(b) Statement, modified the parties' agreement. Enforcement of the Affidavit of Consent as against Plaintiff's statutory right to partition under its terms as written - wherein there is an indefinite duration to Defendant's possession - would be against the public policy of this Commonwealth. Further, Plaintiff's agreement to forbear rights to possession lacked consideration. Last, the Consent Order of Court dated April 10, 2018 contained express provisions under which Plaintiff could seek partition and she has complied with those provisions. The order granting partition should be affirmed for these reasons.

Issue 2

In Defendant's Answer to the Complaint, he raised the issue of Laches and he has likewise raised it on appeal.

> In order to prevail on an assertion of laches, respondents must establish a) a delay arising from petitioner's failure to exercise due diligence; and b) prejudice to the respondents resulting from the delay. The question of laches is factual and is determined by examining the circumstances of each case. Prejudice in the context of a claim of laches means that the party must change his position to his detriment in order to invoke laches. Furthermore, laches is an equitable doctrine that should not be applied in favor of a person who has failed to take required action on his own.

*In re Estate of Aiello*, 993 A.2d 283, 287 (Pa. Super. 2010)(internal citations omitted).

Defendant cannot meet either prong necessary for the application of laches. In advancing this argument Defendant ignores the Consent Order of Court dated April 10, 2018. Plaintiff sought partition swiftly after the period of forbearance agreed upon by the parties. Defendant is instead focused on the period following execution of the Affidavit of Consent. However, any delay in Plaintiff bringing an action in partition was excusable and caused, at least in part by, Defendant's conduct; thus he seeks the application of an equitable doctrine with unclean hands. In addition to

9

her understanding of the parties' plan about waiting to sell the house, Plaintiff credibly recounted a history of domestic violence and difficult financial circumstances, causing her to distance herself from Defendant and focus on relocating with her young son for opportunities in Florida. (Transcript pp. 10-14; 27-30). Any delay that can be attributed to Plaintiff was therefore not resultant from a lack of diligence.

As to resulting prejudice by any delay, Defendant's position also fails. Defendant argues that he missed time with his son that he cannot regain due to the sole custody agreement with Plaintiff. As noted in the section above, child custody cannot serve as consideration and is always modifiable. While it is the case that their son has been emancipated for some time, this Court finds that the parties' custody arrangement has no bearing on laches. Laches does not apply to these circumstances simply because Defendant did not seek to modify the custody agreement when the child was a minor, and the child's own age precludes him from doing so now. Defendant also argues that partition would cause a financial strain on Defendant as he would need to look for a new home. Contrarily, Defendant has benefited from exclusive possession for quite some time.

Under these circumstances the doctrine of laches is inapplicable, and this Court properly entered an order directing partition of the Property.

## CONCLUSION

Consistent with the Superior Court's recent holding in *Jacob v. Stephens*, 204 A.3d 402 (Pa. Super. 2019) regarding the two-part process to partition, this court entered an order directing partition in equal one-half shares. For the reasons stated above, this Court's Order should be affirmed.

DATED: January 27, 2022

Mary C. McGinley
\_ \_ \_ \_ \_ \_ \_ \_ \_ ' J.

11