344 A.2d 812

**Katherine M. Bickel BROWN**

v.

**H. Rank BICKEL, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued June 24, 1975.

Decided Oct. 3, 1975.

H. Ober Hess, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, for appellant.

Philip S. Davis, Lebanon, for appellee; Davis, Katz, Buzgon & Davis, Lebanon, of counsel.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Decree affirmed. Costs on appellant.

MANDERINO, J., filed a concurring opinion.

MANDERINO, Judge (concurring).

In 1957 appellant and appellee entered into a property settlement prior to the commencement of separation proceedings. The settlement agreement, which made "a permanent, complete, and final adjudication of [the parties'] property and legal rights," made no mention of three tracts of land held by appellant and appellee as tenants by the entireties. In 1967, two years after a final divorce had been granted, and ten years after the execution of the property settlement, appellee sought partition of the three tracts of realty. Appellant contested partition, arguing that the 1957 settlement agreement precluded appellee from asserting any rights in the properties at issue. He also claimed unjust enrichment in that he had paid all taxes and maintenance expenses and had made valuable improvements on the land, facts which appellee did not contest.

The trial court found that the parties did not intend to include the unmentioned realty in the 1957 settlement agreement, and, therefore, after the final divorce, the realty continued to be owned by the parties as tenants in common. Act of May 10, 1927, P.L. 884, § 1, *as amended* by Act of May 17, 1949, P.L. 1394, 68 P.S. § 501.

244

This Court now affirms the findings of the trial court and its decision that appellee could properly seek partition of any property that had been held by the entireties prior to final divorce. Act of May 17, 1949, *supra*. The trial court's opinion, however, is not clear on the issue of whether appellant should be compensated for the payments and improvements that he made.

Therefore, while I concur with the opinion of the majority, I would further hold that appellant be awarded appropriate compensation for the taxes, maintenance expenses, and improvements that he made with regard to the properties at issue. Following partition, the appellant may not be compensated for his expenditures. See *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973).