419 A.2d 1325

**Esther Marie AUGELLETTA, formerly Esther Marie Fox, Appellant,**

v.

**Dawson E. FOX, a/k/a Dawson Fox.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1970.

Filed May 16, 1980.

1

2

David L. Gropp, Beaver, for appellant.

No appearance entered nor briefs submitted for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

SPAETH, Judge:

On January 19, 1978, appellant filed a complaint in equity seeking the partition of realty and personalty that she and appellee (her divorced husband) owned as tenants–in–common. During their marriage, the parties owned this property as tenants by the entireties, but upon their divorce, their ownership was automatically changed to a tenancy in common. 68 P.S. § 501 (1965), *repealed in part by* the Judiciary Act Repealer Act, 42 Pa.C.S.A. § 20002(a) [1092] (1979 Pamphlet). In addition to asking for the partition and sale of the property, the complaint asked that an assessment be made against appellee's share of the partition proceeds. In

support of this latter request, the complaint alleged that appellee had been in continuous possession of the realty (and some of the personalty) since at least June 8, 1977; that the realty's fair market rental value, exclusive of real estate taxes and insurance, was $300 per month; and that appellee had refused to account to appellant for his exclusive use of the property. On May 10, 1978, a default judgment was entered on the complaint, and on January 3, 1979, the lower court ordered the partition of the realty into equal one-half shares "subject to proportionment of proper charges of expenses and debts." Subsequently, the court appointed a trustee to make a public sale of the property. On February 14, 1979, appellant filed a motion requesting the court "to assess the realty rental sum due [appellant] in this proceedings [*sic*]." On February 16 the lower court entered an order denying this motion on the grounds that it was premature and that appellee had been given inadequate notice of it. This appeal is from that order.[1]

The primary issue before us is whether the lower court's order denying appellant's motion was interlocutory. If the order was interlocutory, we must quash this appeal since the lower court has not certified the order pursuant to 42 Pa.C.S.A. § 702(b) (1979 Pamphlet), and Pa.R.A.P. 1311, and appellant may not appeal as of right pursuant to Pa.R.A.P. 311.

Appellant argues that the lower court's order is not interlocutory but final because if

the Court below [does not] determin[e] and assess[ ] the value of the default judgment of Appellant against the Appellee . . . the "amount" of the lien against the Appellee's one-half share of the real estate will be valueless and result in a "practical" finalization to prohibit the Appellant from receiving any portion of the Appellee's share of sale proceeds prior to distribution thereof.

Appellant's Brief at 9.

1. Appellee has neither entered an appearance nor filed a brief on this appeal.

Appellant might have stated her argument more clearly. As we understand it, however, her argument is as follows. Under 68 P.S. § 501 *et seq.* (1965), whenever a divorced person brings suit for the partition of property that she and her former husband owned during their marriage as tenants by the entireties, the property must be sold by a court–appointed trustee, and the proceeds of the sale, after payment of expenses, must be divided equally between the parties, subject only to deduction of the amount of the liens entered of record against either or both of them. No other deductions may be made, and equitable charges that arose in connection with the parties' joint ownership of the property may not be assessed in the partition proceedings. *E. g., Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976); *Brown v. Bickel*, 463 Pa. 242, 344 A.2d 812 (1975); *Lykiardopoulos v. Lykiardopoulos*, 453 Pa. 290, 309 A.2d 548 (1973); *Hunsberger v. Bender*, 407 Pa. 185, 180 A.2d 4 (1962). Therefore, to come within the statute's protection and protect her rental claim against appellee, appellant has sought to reduce that claim to judgment and thereby secure a judicial lien against appellee prior to the partition of the property. *See Lykiardopoulos v. Lykiardopoulos, supra.* Although appellant apparently believes that she acquired a judgment for her rental claim when the default judgment was entered on her partition complaint, she also apparently believes that her judgment is incapable of creating a judicial lien until an assessment of damages is made pursuant to Pa.R.C.P. 1037(b). Thus, she argues that the lower court's order of February 16, refusing to assess charges, prevented her from securing the lien she needs to protect her interests in the partition suit.

Had appellant ever instituted an action against appellee based on her rental claim, a refusal by the lower court to assess damages on that claim following the entry of a default judgment establishing appellee's liability might have constituted a final order.[2] Appellant, however, has never

2. Because of our decision below, we need not decide whether this is so. Also, we need not decide whether such a cause could be properly

instituted such an action. Her only action against appellee is for the partition of property.

Appellant seems to believe that her complaint states two causes of action against appellee—one for partition and one for recovery of the rental value of the property possessed by appellee. If appellant wished to plead separate causes of action in her complaint, she was required to indicate this in the caption of her complaint, Pa.R.C.P. 1018, and to plead the causes in separate counts, Pa.R.C.P. 1020. Furthermore, we note that the prayer of the complaint does not ask separate relief on the rental claim—that is, the prayer does not ask that judgment be entered in appellant's favor on that claim. Rather, the prayer asks the court to "assess against the share of the defendant Fifty (50%) Percent of the fair market rental value for use and occupancy of said real property and similar assessment for the sale and use of said household goods and furnishings from and after June 8, 1977, the date of said divorce decree." This prayer has but one reasonable construction: Appellant sought assessment of her share of the rental value of the property possessed by appellee merely as ancillary relief in her partition action.

In these circumstances, it is clear that the lower court's order denying appellant's motion was no more than an interlocutory order in a partition action where the rights of the parties have not been adjudicated and the lower court's decree has not been entered.

The appeal is quashed.

joined with a partition action under 68 P.S. § 501 et seq. Cf. Olivieri v. Olivieri, 242 Pa.Super. 457, 364 A.2d 361 (1976).