436 A.2d 1019

**Ann W. CASANI**

v.

**LINCOLN BANK, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1981.

Filed Oct. 30, 1981.

Albert Ring, Philadelphia, for appellant.

Robert G. Bauer, Philadelphia, for appellee.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal by defendant Lincoln Bank from an order denying Lincoln Bank's motion for judgment on the pleadings in an action to quiet title. Because this order is interlocutory and not made appealable by rule or statute, the appeal must be quashed. *See* 42 Pa.C.S. § 704(b)(2).

Lincoln Bank claims the order is appealable under Pennsylvania Rule of Appellate Procedure 311(a)(7) and the Act of April 18, 1874, P.L. 64, § 1, 12 P.S. § 1097. Rule 311 provides:

(a) General Rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

. . . . .

(7) Other cases. An order which is made appealable by statute or general rule.

Pa.R.A.P. 311. Section 1097 provides:

In all actions now pending, or which may hereafter be brought, wherein, by act of assembly or rule of court, the plaintiff is entitled to ask for judgment for want of a sufficient affidavit of defense, and the court shall decide against his right to such judgment, plaintiff may except to such decision and take a writ of error to the supreme court.

12 P.S. § 1097.[1]

---

[1] The reference in section 1097 to taking "a writ of error to the supreme court" presents no difficulty, because the section was suspended to the extent inconsistent with the Rules of Appellate Procedure by Rule 5105(e), and specifically repealed to the extent inconsistent with the Appellate Court Jurisdiction Act of 1970 [ACJA] (now superseded by the Judicial Code) by section 509(g)(19) of ACJA, *added by* Act of June 3, 1971, P.L. 148, No. 6, 17 P.S. § 211.509(g)(19) (Supp.1978–79).

Section 1097 was repealed effective June 27, 1980,[2] but Lincoln Bank claims it is applicable here because the order of the lower court was entered before that date. The order was entered on June 26, 1980,[3] but the appeal was taken on July 21, 1980. We have not located any case determining whether a statute conferring appellate jurisdiction is applicable when the order appealed was entered before the repeal date of the statute, but the appeal was taken afterward.[4] We find it unnecessary to decide that issue.

Section 1097 by its very terms applies only to appeals by plaintiffs, whereas Lincoln Bank is the defendant. Our Supreme Court has specifically held that an order denying a defendant's motions for judgment on the pleadings is interlocutory and nonappealable, and section 1097 is inapplicable to such an order. *Bellotti v. Spaeder*, 433 Pa. 219, 220 & n. 1, 249 A.2d 343, 344 & n.1 (1969). Therefore section 1097 does not give us jurisdiction, even if its repeal was not yet effective when this appeal was taken.

Lincoln Bank also claims in its brief that we should accept this appeal under Rule of Appellate Procedure 312, which provides:

An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission).

**2.** *See* sections 2(a) [633] and 4(b) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, 42 P.S. §§ 20002(a) [633], 20004(b).

**3.** Lincoln Bank asserts that the order was entered on June 23, 1980, but June 26, 1980 was the date of entry as defined by Rule of Appellate Procedure 108(b). The difference does not affect any question before us.

**4.** Our Supreme Court stated in *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 350–51, 185 A.2d 517, 520 (1962) that rights in jurisdictional matters are determined by the law in force at the time of the institution of the action, and we have applied this rule in deciding questions of appellate jurisdiction. *E. g., Gallardy v. Ashcraft*, 288 Pa.Super. 37, 44, 430 A.2d 1201, 1204 (1981). Neither *Gallardy* nor any of the cases it cited, however, involved the situation we have here.

Pa.R.A.P. 312. The Chapter 13 referred to in Rule 312 specifically states in Rule 1311:

> (a) General rule. An appeal may be taken by permission under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission) from an interlocutory order of a lower court or other government unit. See Rule 312 (interlocutory appeals by permission).

Pa.R.A.P. 1311.

It is clear that an appeal by permission must meet the requirements of section 702(b) of the Judicial Code, which provides:

> (b) Interlocutory appeals by permission.—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702.

Section 702(b) does not give us jurisdiction, because the lower court's order does not include the certification required by this section. *Augelletta v. Fox*, 278 Pa.Super. 1, 3–4, 419 A.2d 1325, 1326 (1980). Furthermore, even if the lower court had certified the case, we would have no jurisdiction, because Lincoln Bank has not filed a petition for permission to appeal, as required by Rule of Appellate Procedure 1311(b). *Commonwealth v. Pfender*, 280 Pa.Super. 417, 421, 421 A.2d 791, 793 (1980). The order of the court below not being appealable on any basis, we must quash the appeal.

Appeal quashed.