487 A.2d 877

**In re HANDWRITING EXEMPLAR of Neil CASALE.**

**Appeal of Neil CASALE.**

Superior Court of Pennsylvania.

Argued March 21, 1984.

Filed Jan. 16, 1985.

112

John P. Campana, Williamsport, for appellant.

William P. Carlucci, Assistant District Attorney, Williamsport, for appellee.

Before SPAETH, President Judge, and BECK and TAMILIA, JJ.

SPAETH, President Judge:

This is an appeal from an order compelling appellant to appear at the office of the assistant district attorney and submit a handwriting exemplar. Appellant argues that the trial court had no jurisdiction to enter the order because at the time the order was entered appellant had not been arrested and no charges had been filed against him, and the order was not incident to a grand jury investigation. *Cf. Commonwealth v. Polak*, 438 Pa. 67, 263 A.2d 354 (1970) (under Act of June 16, 1836, P.L. 784, 17 P.S. § 2079, court had power to issue subpoena only if there was some pre-existing matter or cause pending before the court). In rejecting this argument and holding that it did have jurisdiction to enter the order, the trial court reasoned that the Commonwealth's motion to compel appellant to submit a handwriting exemplar related to an ongoing police investigation and was supported by a sufficient allegation of probable cause. As appellee the Commonwealth argues that the trial court had jurisdiction to issue the order under Pa.R.Crim.P. 2002(c), which provides that a search warrant may be issued for "property which constitutes evidence of the commission of a criminal offense." The Commonwealth also argues

that the order is interlocutory. We have concluded that the order is interlocutory, and we therefore quash the appeal, without considering its merits.

■ This court has jurisdiction over appeals taken from "final orders" of the courts of common pleas. 42 Pa.C.S. § 742.[1] Our Supreme Court has long held that an order denying a motion to quash a grand jury subpoena is not a final order from which an appeal may be taken. *See Petition of Specter*, 455 Pa. 518, 317 A.2d 286 (1974). Rather, the person subpoenaed must either comply with the subpoena or refuse to comply and litigate the validity of the subpoena if contempt proceedings are brought against him. *Id.* Forcing the person subpoenaed to make this choice is justified by the "necessity for expedition in the administration of the criminal law." *Id.* (citation omitted). This is also true of subpoenas issued by an administrative agency. In *Pennsylvania Human Relations Comm'n v. Jones & Laughlin Steel Corp.*, 483 Pa. 35, 394 A.2d 525 (1978), the Court reasoned:

> The need for expedition in administrative agency investigations is at least as great as in grand jury investigations. We can perceive of no legitimate legal or policy reason for providing for a different result as to when the matter is ripe for appellate review based solely on the fact that the body issuing the subpoenas is an administrative agency and not an investigating grand jury. We note that in both the *Petition of Specter, supra,* and in the instant case the right of the body to issue the subpoena was being challenged.

483 Pa. at 37–38, 394 A.2d at 527.

■ The order here at issue is in the nature of a subpoena, although it is arguably more intrusive than a subpoena. A subpoena compels a person to appear and testify and, perhaps, to bring with him *existing* evidence in

1. Pursuant to 42 Pa.C.S. § 5105(c), the Supreme Court has promulgated Pa.R.A.P. 311, which provides for interlocutory appeals as of right from certain orders. The provisions of Pa.R.A.P. 311 do not provide for an appeal as of right in this case.

his possession. The order here at issue goes farther in that it compels appellant to appear and, by writing, to *create* something that may be used as evidence against him. Nevertheless, we can see no reason, and appellant has offered none, for distinguishing as regards its appealability the order here at issue from an order denying a motion to quash a subpoena. Just as a person may choose either to comply with a subpoena or to take the chance that he will be subjected to contempt proceedings, so here, appellant may choose either to comply with the court's order or to take the chance that he will be subjected to contempt proceedings. If he should choose not to comply with the order and contempt proceedings are not instituted, or if they are instituted but he is not adjudged in contempt, then he will have no basis for an appeal. If he should choose not to comply with the order and contempt proceedings are instituted and he is held in contempt, the order sentencing him for contempt will be a final order that he may appeal. *See Commonwealth v. Polak, supra* (appellant appealed after being held in contempt for refusing to comply with subpoena duces tecum issued when there was no matter pending before the court); *Commonwealth v. Moss,* 233 Pa.Super. 541, 334 A.2d 777 (1975) (appellant appealed after being held in contempt for refusing to comply with order requiring her to give handwriting sample). The need for expedition in this case is no less compelling than in a case involving a subpoena to appear before a grand jury or an administrative agency. *Cf. State Farm Mutual Automobile Insurance Co. v. Morris,* 289 Pa.Super. 137, 432 A.2d 1089 (1981) (order under section 401 of No-Fault Act requiring insured to submit to physical examination is final and appealable when not ancillary to any pending action).

 Appellant has another choice, besides submitting to contempt proceedings. An appeal from an interlocutory order may be allowed when the trial court certifies that the order involves "a controlling question of law as to which there is a substantial ground for difference of opinion" and that an appeal "may materially advance the ultimate termi-

nation of the matter." 42 Pa.C.S. § 702(b); Pa.R.A.P. 1301 *et seq.* If the trial court does so certify the order, then this court may in its discretion permit an appeal. *Id. See Carabello Appeal, In re January, 1974 Special Grand Jury,* 238 Pa.Super. 479, 357 A.2d 628 (1976) (appeal allowed from trial court order denying motion to quash subpoena where trial court certified order). Although the issue raised in this appeal would appear to involve an important and controlling question of law as to which there is a substantial ground for difference of opinion,[2] appellant did not request that the trial court certify the order. Appellant has offered no explanation for his failure to request certification, nor, indeed, any argument to support the view that the order is appealable, despite the fact that the Commonwealth filed a motion to quash the appeal.

Appeal quashed.

2. Courts of other jurisdictions have recently been faced with the same issue and have resolved it in different ways. *Compare United States v. Holland,* 552 F.2d 667 (5th Cir.1977), *opinion withdrawn,* 565 F.2d 383 (5th Cir.1978) (district court had no jurisdiction to compel appellant to give handwriting exemplar when there was no proceeding or person before court over which court had jurisdiction; appellant had not been arrested or indicted, and there was no grand jury investigation); *and Sanchez v. Attorney General,* 93 N.M. 210, 598 P.2d 1170 (1979) (state district court had no authority to compel handwriting exemplar when suspect had not been charged with a crime, had not been arrested, and had not been directed to appear before an investigative agency pursuant to statutory authority), *with State v. Mitchell,* 226 Kan. 776, 602 P.2d 1383 (1979) (state district court did not err in denying defendant's motion to suppress handwriting exemplars where although there was no statutory basis for pre-arrest court order directing suspect to produce exemplars, affidavits established probable cause for arrest; if defendant had been arrested and then exemplar order entered, would be no question of its validity and therefore defendant suffered no prejudice from irregular procedure); *Special Prosecutor v. G.W.,* 95 Misc.2d 298, 407 N.Y.S.2d 112 (1978) (court's inherent jurisdictional power, both at common law and under statute, warrant an order compelling handwriting exemplar when firmly based on probable cause). Several states have resolved the issue by statute or rule of court. *See* 5A Ariz.Rev.Stat. § 13–3905 (temporary detention to obtain evidence of identifying physical characteristics); Colorado Rule Crim.Pro. § 41.1 (non-testimonial identification orders); 4 Idaho Code § 19–625 (temporary detention to obtain evidence of identifying physical characteristics); N.C.Gen.Stat. § 15A–271 *et seq.* (non-testimonial identification orders).