615 A.2d 45

**Isabel HOOVER and Forrest Hoover, Appellants,**

v.

**Louis W. WELSH, M.D. and Holy Redeemer Hospital.**

Superior Court of Pennsylvania.

Argued June 17, 1992.

Filed Sept. 8, 1992.

Reargument Denied Nov. 13, 1992.

John F.X. Fenerty, Philadelphia, for appellants.

Medford J. Brown, III, Norristown, for appellees.

Before ROWLEY, President Judge, and HUDOCK and BROSKY, JJ.

BROSKY, Judge.

This appeal is taken from a pre-trial Order permitting counsel for appellee to interview *ex parte* a physician with whom appellant, Mrs. Hoover, had consulted. Appellants now challenge this Order on the basis that it violates the physician/patient privilege.

Appellee [1] filed a Motion requesting the trial court to rule on the propriety of conducting *ex parte* communications with a Dr. Lowry. Appellant, Mrs. Hoover, consulted with this physician to discuss the viability of injections which would enable her voice to return to near normalcy after her vocal cord had been paralyzed as a result of surgery to remove a neck mass. After consideration of the Motion, the trial court entered the Order which is the subject of the instant appeal.

After the appeal to this court had been docketed, appellee filed a Motion to quash on the basis that the Order in question is an interlocutory one which is not appealable as of right under Pa.R.App.P. 311 or for which permission to appeal must be sought pursuant to Chapter Thirteen of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.App.P. 312. Appellants' response and supplemental response to this Motion are, in essence, that immediate review is necessary because the right to confidentiality in the context of a physician/patient relationship is now lost and that "[t]he ramifications of the lower court's Order of April 8, 1991, are no longer conjectural. They are factually concrete." However, neither party states that the nature of the Order in question is anything other than interlocutory. In their respective appellate Briefs, neither party addresses the appealability of the subject Order, nor does appellee in his Brief challenge the procedure by which the instant appeal was taken.

We reserved ruling on appellee's Motion to Quash pending argument and disposition of this appeal, and we now quash. Our reasoning follows.

An interlocutory appeal of this nature may only be taken by the filing of a Petition for permission to appeal pursuant to Chapter Thirteen of the Rules of Appellate Procedure. Otherwise, the appeal will be quashed because the filing of the Petition is jurisdictional in nature. *Casani v. Lincoln Bank,* 292 Pa.Super. 90, 436 A.2d 1019 (1981); Pa. R.App.P. 312, 1311(b). Prior to the filing of such Petition, however, the trial court must certify the Order from which an

---

1. Holy Redeemer Hospital is no longer a party to this litigation, having been dismissed therefrom by stipulation of the parties.

appeal is sought to be taken pursuant to 42 Pa.C.S.A. § 702(b), which states:

**(b) Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

We have held that such certification is a jurisdictional prerequisite to the filing of a Petition for permission to appeal pursuant to Chapter Thirteen of the Appellate Rules of Procedure. If the trial court's Order from which the appeal is sought to be taken contains the requisite certification and if a Petition for permission to appeal is filed pursuant to Chapter Thirteen, only then may we exercise our discretion to permit the appeal. *In re Handwriting Exemplar of Casale,* 338 Pa.Super. 111, 487 A.2d 877 (1985), *appeal granted,* 508 Pa. 605, 499 A.2d 577 (1985), *rev'd on other grounds,* 512 Pa. 548, 517 A.2d 1260 (1986). *See also* G.R. Darlington, K.J. McKeon, D.R. Schuckers & K.W. Brown, 1 *Pennsylvania Appellate Practice* 293–94 (1986) [hereinafter, Darlington]. If a Petition for permission to appeal is filed without the requisite Section 702(b) statement or if no Petition for permission to appeal is filed with the appellate court, the appeal will be quashed, as we are without jurisdiction to exercise our discretion in this regard. *Casani, supra; Handwriting Exemplar, supra; Augelletta v. Fox,* 278 Pa.Super. 1, 419 A.2d 1325 (1980).

■ The Order of the trial court from which the instant appeal purports to be taken does not contain the requisite certification under 42 Pa.C.S.A. § 702(b), and appellants have not filed a Petition for permission to appeal to this court pursuant to Chapter Thirteen of the Appellate Rules. Absent

both jurisdictional prerequisites, we are without authority to exercise our discretion in this regard.

Appeal quashed.[2,3]

2. In its Motion to quash the instant appeal, appellee appends as Exhibits a letter from counsel for appellant which requests the trial court to certify the Order from which this appeal was improperly taken and a letter response from the court indicating its refusal.

We note for the benefit of counsel, the trial court and the Bench and Bar, in general, that the proper procedure to be followed if the trial court's Order does not include the requisite certification pursuant to Section 702(b) is to request the court to amend its Order accordingly. If the court refuses to amend its Order to include the requisite certification, it must do so by Order denying the amendment. The appellant must then challenge the Order denying the amendment by filing a Petition for review pursuant to Chapter Fifteen of the Rules of Appellate Procedure, rather than a Petition for Permission to appeal under Chapter Thirteen of the Appellate Rules. *Silver v. Downs*, 493 Pa. 50, 425 A.2d 359 (1981); *Pennsylvania Turnpike Comm'n v. Jellig*, 128 Pa.Commw. 171, 563 A.2d 202 (1989), *appeal denied*, 525 Pa. 606, 575 A.2d 571 (1990); 42 Pa.C.S.A. § 5574; Pa.R.App.P. 312; Comment following Pa.R.App.P. 1311. This Comment states in relevant part:

Where the ... lower court refuses to amend its order to include the prescribed statement, a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal....

Darlington, *supra in text*, gives further guidance where, as here, the trial court has not amended its otherwise unappealable Order:

[A] party filing a petition for review from an order denying certification should incorporate into the petition for review all of the components which are required to be included within a petition for permission to appeal. *See* Pa.R.A.P. 1312. In such a case, the best practice is to prepare a document which conforms in every respect to the requirements of a petition for permission to appeal, but label the document a 'Petition For Review (from the order of the Court of Common Pleas of _____ County refusing to amend its order pursuant to Pa.R.A.P. 1311(b) [sic]'. In presenting the 'statement of reasons,' emphasis should be placed on why the trial court ... erred in failing to amend its order *viz.*, that the underlying interlocutory order the petitioner seeks to appeal involves a 'controlling question of law as to which there is a substantial ground for difference of opinion' and 'immediate appeal from the order may materially advance the ultimate termination of this matter.' The petition also should stress that the refusal to amend was 'egregious.'

At 295–96.

3. See note 3 on page 107.

ROWLEY, President Judge, dissenting.

I respectfully dissent on the basis that the order at issue is immediately appealable under the collateral order exception to the final judgment rule. The collateral order exception was set forth by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and by the Pennsylvania Supreme Court in *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). Under *Cohen* and *Pugar*,

> an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Pugar*, 483 Pa. at 73, 394 A.2d at 545.

In the present case, appellants contend that the order permitting appellee to conduct *ex parte* interviews with appellant-wife's physician and to call that physician as an expert witness at trial violates the physician-patient privilege. A similar issue was recently considered by a panel of this Court in *Commonwealth v. Miller*, 406 Pa.Super. 206, 593 A.2d 1308 (1991). In *Miller*, the trial court entered an order directing appellant, Community Resources of Fayette County, Inc. d/b/a the Women's Resource Center of Fayette County (WRC), to provide to the court, for an in camera hearing, all records and information it possessed pertaining to the alleged victim of the

Although appellants may have requested the trial court to amend its Order to include the Section 702(b) certification, albeit in the form of a letter, the court did not enter an Order denying same. A response in the form of a letter hardly qualifies as an Order of record. Neither appellants' letter to the court nor the court's response are part of the record certified to this court, and, therefore, we are unable to consider those documents in any event. Even if the trial court had issued an Order denying the amendment, appellants have failed to follow the proper procedure in requesting this court to entertain this appeal.

3. We note in passing that the Order in question would not fit any of the categories of interlocutory orders appealable as of right under new Pa.R.App.P. 311 which became effective on July 6, 1992, and which applies to all appeals commenced after that date. *See* Order of May 6, 1992, No. 75 Appellate Rules Docket No. 1.

sexual assault for which the defendant, Miller, was being prosecuted. WRC filed an appeal from this order, arguing that the records concerning the alleged victim were confidential. This Court concluded that, under the collateral order doctrine, the order was immediately appealable.

In reaching this conclusion, the Court first determined that the order involving WRC's files was collateral to the underlying criminal action. In addition, the Court determined that the right involved, namely the alleged victim's right to privacy and confidentiality in her relationship with WRC, was too important to be denied review. Finally, the Court concluded that "the claimed right of confidentiality and privacy will be lost irreparably since once the information is divulged, the privilege is lost." *Id.*, 406 Pa.Super. at 210, 593 A.2d at 1310. Because I find the issue in the present case concerning the confidential nature of the physician-patient privilege to be indistinguishable from the issue in *Miller* concerning the confidential nature of rape crisis center records, I would address the merits of the arguments appellants raise in this appeal.