**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Milton SCARBOROUGH, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 2010.

Filed Nov. 4, 2010.

---

1. Although as the majority notes, the *Nixon* holding is not before us, it states "a finding of adaptation is substantially more reasonable in circumstances in which an already adapted structure lacks features supporting continuous overnight accommodation for some temporary period, than in a situation in which the structure has not yet been adapted for overnight accommodation...." Majority Op., at 204. If the majority acknowledges a building without necessary utilities can be adapted for overnight accommodation, how is it that a fully-enclosed building with water, heat, and electricity cannot be found to be so? While a bright-line rule is inappropriate in this situation, it is not unreasonable for a factfinder to conclude a building with four walls, a roof, windows, doors, and utilities is adapted for overnight accommodation, even though no one has yet moved in.

Kenneth A. Osokow, Asst. Dist. Atty., for Com., appellant.

Ronald C. Travis, Williamsport, for appellee.

BEFORE: ALLEN, MUNDY and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

The Commonwealth appeals the order granting Milton Scarborough's motion for DNA testing pursuant to 42 Pa.C.S.A. § 9543.1. We quash this appeal.

### Facts

In 1977, Scarborough was convicted of three murders and related offenses.[1] Scarborough was then sentenced to an aggregate incarceration of not less than thirty and not more than sixty years' imprisonment. Thereafter, he undertook a number of appellate and collateral efforts but did not obtain relief.

In 2008, Scarborough filed a motion for DNA testing with respect to several specific items of evidence related to the original prosecution of his case. The evidence included one or more palm prints and blood samples from the crime scene as well as fingernail clippings from one or more of the victims. Scarborough's position was that he was innocent, that the identity of the perpetrators was an issue in this case, and that DNA testing would lead to exculpatory evidence showing he was not present during the crimes. It appears the testing in question did not exist at the time of Scarborough's trial. Scarborough requested permission to have the testing completed at his expense. After a hearing at which the court entertained expert testimony as well as argument from the parties, the court issued an order allowing the DNA testing. Thereafter, the Commonwealth filed this appeal.

Herein, the Commonwealth contends the trial court applied an incorrect legal standard for determining if DNA testing was warranted. More specifically, the Commonwealth argues as follows: Scarborough was required under 42 Pa.C.S.A. § 9543.1(c)(3)(A) to prove that favorable test results would establish his actual innocence, but the trial court granted relief based on a lower standard—*i.e.*, that favorable test results would "call into question" the Commonwealth's case. Appellant's Brief at 22. Along these lines, the Commonwealth also contends that, even if the test results were to reveal the DNA at the crime scene did not belong to Appellee, such a showing would not establish his actual innocence. Finally, the Commonwealth asserts the motion for testing was untimely.

In addition to presenting counterarguments to the Commonwealth's aforesaid contentions, Scarborough asserts the order before us is simply not appealable. Similarly, the trial court, although it did address the Commonwealth's claims, asserted its belief that the order is interlocutory and therefore not appealable. The Commonwealth has not addressed the appealability of the order except to assert in its

---

* Retired Senior Judge assigned to the Superior Court.

1. Another individual who took part in the offenses was convicted of first-degree murder; a third participant was convicted of second-degree murder.

Statement of Jurisdiction that the order is a final one. We will begin by addressing the appealability of the order.

### Legal Principles

■ We do not have jurisdiction over a case if the order before us is not appealable. *Commonwealth v. Kennedy*, 583 Pa. 208, 876 A.2d 939, 943 (2005); *In re Estate of Allen*, 960 A.2d 470, 471 (Pa.Super.2008). An order is appealable if it is: (1) a final order, *see* Pa.R.A.P. 341–42; (2) an interlocutory order appealable by right or permission, *see* 42 Pa.C.S.A. § 702(b); Pa.R.A.P. 311–12, 1311–12; or (3) a collateral order, *see* Pa.R.A.P. 313; *Kennedy*, 876 A.2d at 943.

■ A final order is one expressly defined as such by statute, one disposing of all claims and all parties, or one disposing of fewer than all claims and all parties but expressly determined to be final by the trial court because an immediate appeal thereof would facilitate resolution of the entire case. Pa.R.A.P. 341(b). An order granting or denying a petition under the Post Conviction Relief Act ("PCRA"), and thus disposing of all issues therein, is a final order. *Commonwealth v. Bryant*, 566 Pa. 307, 780 A.2d 646, 648 (2001); Pa.R.Crim.P. 910.

■ An interlocutory order does not finally decide the case but settles an intervening, related matter. Black's Law Dictionary, 5th ed., 1979. An example of an interlocutory order appealable by right is an order changing criminal venue or venire. Pa.R.A.P. 311(a)(3). Additionally, where the Commonwealth certifies in its notice of appeal that an order "will terminate or substantially handicap the prosecution," the Commonwealth is permitted to take an interlocutory appeal as of right even though the order itself does not end the entire case. Pa.R.A.P. 311(d). This type of situation commonly occurs where the Commonwealth appeals a pretrial order suppressing evidence. *See Commonwealth v. Bloom*, 979 A.2d 368, 370 n. 4 (Pa.Super.2009). At Pa.R.A.P. 311, the appellate rules list additional interlocutory orders that can be appealed as a matter of right.

■ For a party to secure a permissive interlocutory appeal, three prerequisites must be met: (1) the interlocutory order must contain a certification from the trial court that the order involves a controlling question of law as to which there are substantial grounds for a difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter; (2) the party seeking to appeal must file with this Court a petition for permission to appeal (rather than a notice of appeal); and (3) this Court must, in its discretion, grant permission to appeal. *Hoover v. Welsh*, 419 Pa.Super. 102, 615 A.2d 45, 46 (1992); Pa.C.S.A. § 702(b); Pa.R.A.P. 1301–23. We, in turn, make our discretionary decision to grant or deny permission to appeal by determining whether there is indeed some substantial basis for differing opinions regarding controlling law and whether an appeal may in fact materially advance the termination of the case. Pa.R.A.P. 1312(5).

■ It is important to note, however, that this Court has no legal authority to exercise its discretion until the first two of the foregoing prerequisites have been met. *Hoover*, 615 A.2d at 46. Those two requirements—a certification by the trial court and a petition for permission to appeal—are jurisdictional. *Commonwealth v. Yingling*, 911 A.2d 572, 575 (Pa.Super.2006); *Commonwealth v. Fleming*, 794 A.2d 385, 387 (Pa.Super.2002); *Hoover*, 615 A.2d at 46. If a trial court does not include the necessary certification *sua sponte*, a party may request that the court

do so. *See In re Handwriting Exemplar of Casale*, 338 Pa.Super. 111, 487 A.2d 877, 880 (1985), *rev'd on other grounds*, 512 Pa. 548, 517 A.2d 1260 (1986). This Court must quash an appeal if the interlocutory order lacks the necessary certification or if the appellant did not petition us for permission to appeal. *Yingling*, 911 A.2d at 575; *Fleming*, 794 A.2d at 387; *Hoover*, 615 A.2d at 46.

■ A collateral order is one having all of the following characteristics: (1) it is separable from the main cause of action—that is, it may be addressed without analyzing the ultimate issue in the underlying case; (2) the right in question is too important to be denied review; and (3) the question presented is such that the claim will be irreparably lost if appellate review is postponed until final resolution of the case. *Kennedy*, 876 A.2d at 943. With respect to the second of the aforesaid characteristics, it is not enough that the issue at hand be important only to the litigants. *Id.* at 943–44. Rather, the issue must involve rights deeply embedded in public policy going beyond the specific litigation before the court. *Id.*

Under 42 Pa.C.S.A. § 9543.1(a), a convicted individual serving a sentence of imprisonment or awaiting a sentence of death may file a motion for DNA testing of evidence related to the investigation or prosecution that resulted in the individual's conviction. If DNA testing is conducted under Section 9543.1, the individual may then use favorable test results as bases for a PCRA petition under other sections of the PCRA. 42 Pa.C.S.A. § 9543.1(f)(1). We note that, although a request for DNA testing is itself filed under the PCRA and is thus a post-conviction filing, such a motion is distinct from petitions for substantive relief under Section 9543 of the PCRA. *Commonwealth v. Perry*, 959 A.2d 932, 938 (Pa.Super.2008).

Indeed, Section 9543.1(f) specifically contemplates that a PCRA petition for relief under Section 9543 needs to be filed distinct from the motion for testing under Section 9543.1.

■ A motion for DNA testing under Section 9543.1 is not subject to the one-year filing deadline set forth in 42 Pa.C.S.A. § 9545(b)(1) for PCRA petitions. *Commonwealth v. Brooks*, 875 A.2d 1141, 1147 (Pa.Super.2005). In fact, Section 9543.1 places no time limits on motions for DNA testing. However, any PCRA petition based on DNA test results-like any other PCRA petition-must satisfy the timeliness requirements of the PCRA. *Brooks*, 875 A.2d at 1147; 42 Pa.C.S.A. § 9545(b)(1). Accordingly, if a PCRA petition is filed more than one year after the individual's judgment of sentence became final—whether that petition is based on DNA test results obtained via Section 9543.1 or on some other grounds—then the individual needs to satisfy one of the three statutory exceptions to the one-year filing deadline. 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), (iii).

■ Of course, to satisfy any of the time-bar exceptions listed in Section 9545(b)(1), a PCRA petition must be filed with sixty days of when the PCRA claim could have been brought. 42 Pa.C.S.A. § 9545(b)(2). Consequently, a PCRA petition which is based on the results of DNA testing under Section 9543.1 and which invokes a time-bar exception to the one-year rule under Section 9545(b)(1) must be filed within sixty days of when the individual is notified of the DNA test results. *Brooks*, 875 A.2d at 1146; 42 Pa.C.S.A. §§ 9543.1(f)(1), 9545(b)(2).

Based on the foregoing provisions, one likely scenario might arise where a person obtains DNA testing under Section 9543.1, files what would otherwise be an untimely

PCRA petition (filed more than one year after the judgment of sentence became final), but also seeks a time-bar exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) by alleging that the DNA test results are the bases for PCRA relief and that they constitute previously unknown facts not ascertainable at an earlier time by due diligence. *See Brooks*, 875 A.2d at 1146; 42 Pa.C.S.A. § 9543.1(f).

In the foregoing scenario, the eventual request for substantive relief under the PCRA would most likely be premised on a claim of after-discovered exculpatory evidence (*i.e.*, the DNA test results) pursuant to 42 Pa.C.S.A. § 9543(a)(vi). The PCRA court, having found an exception to the time bar under 42 Pa.C.S.A. § 9545(a)(1)(ii), (b), would then evaluate the merits of the claim for substantive PCRA relief under 42 Pa.C.S.A. § 9543(a)(vi).[2]

### Analysis

The testing order before us is not a final order. It is not defined as one by statute. It does not dispose of all claims and all parties because DNA testing is merely a precursor to, or attendant to, Scarborough's PCRA petition for relief from his judgment of sentence. Lastly, the DNA order was not expressly found to be a final order by the trial court.

■■■ The order in question puts no one out of court. Similarly, it does not resolve the entire case because it leaves open for resolution whatever claims for relief Scarborough may pursue via the PCRA once he is notified of the test re-sults. The order granting the DNA testing under 42 Pa.C.S.A. § 9543.1 is not an order granting a petition for substantive PCRA relief under 42 Pa.C.S.A. § 9543. In short, the order is not a final one.[3]

■■■ The instant order is also not an interlocutory order appealable as of right. First, an order granting DNA testing under Section 9543.1 is not listed in the appellate rules as being one of the types of interlocutory orders appealable by right. Second, the Commonwealth did not certify—and, indeed, this is not a case where the Commonwealth could sensibly certify—that the order would somehow terminate or substantially handicap the prosecution. The prosecution itself ended years ago; Scarborough is or will soon be at the collateral-attack stage. The order in question simply is not one terminating or handicapping the prosecution of charges. It may be that Scarborough is prosecuted again if he eventually obtains a new trial pursuant to the PCRA, but the testing order does not end or substantially handicap any ongoing prosecution.

■■■ The appeal before us is also not a permissive interlocutory appeal. The trial court did not provide the necessary certification and the Commonwealth did not petition this Court for permission to appeal the order. As such, there is no authority for us to exercise discretion at this point so as to grant permission to appeal.

■■■ Lastly, we come to the question of whether the instant order is an appealable collateral order. The decision

---

**2.** Although not critical to our resolution of the instant case, we note a matter on which some litigants and some courts continue to be confused: the statutory time-bar exception for previously unknown facts and a claim for relief based on after-discovered evidence are not the same. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1270–71 (Pa.2007).

**3.** By contrast, an order denying a motion for testing under Section 9543.1 is a final order because it puts the movant out of court entirely. As such, we have entertained appeals of denial orders. *See Brooks*, 875 A.2d at 1143.

to allow testing of evidence is in the nature of a discovery order. Discovery orders are generally separable from the adjudication of a criminal case. *Commonwealth v. Makara*, 980 A.2d 138, 141 (Pa.Super.2009). The situation here is similar. The order granting DNA testing is separable from the resolution of the main action—that is, Scarborough's intended claim for PCRA relief which, if the test results are favorable to him, will apparently be based on after-discovered exculpatory DNA evidence pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi). Phrased differently, the issue of whether certain evidence should be DNA tested can surely be addressed without analyzing the ultimate PCRA issue of whether Scarborough will be entitled to retrial or discharge based on whatever evidence might be discovered during the testing.

Of course, we recognize the DNA test results, whatever they may be, will bear directly on what Scarborough does or does not allege and does or does not attempt to prove in a subsequent PCRA proceeding. We also understand the test results and the PCRA allegations/proof will naturally inform the PCRA court's ultimate decision on Scarborough's request for collateral relief. In this sense, the order granting DNA testing is plainly related to the final resolution of the case. However, the same can obviously be said of virtually all discovery orders. Indeed, if discovery requests did not involve information arguably relevant to the final determination of a case, there would seem to be no reason to grant those requests. However, what makes the instant order separable for the purposes of the collateral order doctrine is that the issue of whether Scarborough should be given access to certain items of evidence in order to perform DNA testing may be addressed without analyzing the ultimate issue of whether he is entitled to PCRA relief from his judgment of sentence. In short, the testing order is separable from the underlying case. Thus, the order bears the first characteristic of a collateral order.

Although the order in question is separable from the underlying case, it does not meet the second requirement for establishing a collateral order. The Commonwealth is pursuing its perceived interest in preventing a convicted person from having relatively new scientific tests performed on evidence that was related to the investigation and prosecution of the case against him. We fail to see how this perceived interest is so deeply embedded in public policy that we should declare the trial court's ruling a collateral order so that it then becomes appealable.

Moreover, one must be mindful of the context in which the testing order exists. DNA testing does not provide Scarborough with any relief from his judgment of sentence. That is, standing by themselves, the test results—whether favorable in some way to Scarborough or not—will have little or no legal significance unless they are eventually made part of a timely and properly filed PCRA petition. If and when Scarborough pursues a PCRA petition based on DNA test results, the Commonwealth will have every legitimate opportunity to oppose the petition and, if necessary, to appeal an unfavorable order.

We understand there is a public interest in the finality of criminal litigation and, to that extent, one might argue the Commonwealth should be permitted to appeal as a collateral order the trial court's ruling permitting DNA testing. That is, allowing such an appeal would permit immediate review and, if we found the tests should not be allowed, that finding might arguably facilitate an end to the case, although Scarborough could certainly petition the Pennsylvania Supreme Court for allowance

of appeal of our decision. There is also, however, a public interest in ending the continued incarceration of innocent people. We are not suggesting that we have any idea whether Scarborough is innocent or not. We are merely talking of possible public interests associated with DNA testing. In any case, regardless of these competing interests, we recall again that the order in question is simply an order permitting tests to be conducted on evidence, not an order granting relief from judgment of sentence. Because we are not persuaded the order to allow DNA testing of specific evidence in this specific case involves the kind of public importance required by the second prong of the collateral order doctrine, we decline to find the order appealable thereunder.

■■■ At this juncture, there is an additional point worth stressing. Our decision does not mean the Commonwealth could not have appealed the DNA testing order. To the contrary, the Commonwealth could have sought an interlocutory appeal pursuant to the procedures we discussed *supra*. The Commonwealth, however, forwent the opportunity to seek such an appeal. There is no indication the Commonwealth asked the trial court to include in the order the proper certification necessary to facilitate a permissive interlocutory appeal and, in any event, the Commonwealth did not petition this Court for such an appeal. We have no jurisdiction to overlook the Commonwealth's failures, to delve into an analysis of whether this particular case should have been pursued as a permissive appeal and, if we found this was such a case, then to entertain the merits of the issues. Simply put, it may be that the Commonwealth could have persuaded us to grant a permissive appeal, but the Commonwealth made no attempt to do so. We will not act as counsel for the Commonwealth. *Com-*

*monwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super.2007).

Also, we reiterate that, although the trial court itself opined the instant order was likely interlocutory, and although Scarborough advocated that position in his brief, the Commonwealth did not brief the issue. We remind the Commonwealth it is an appellant's burden to persuade us that relief is due. *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa.Super.2007). No appellate relief is due if the order in question cannot be appealed. If the Commonwealth had an argument on this issue, it may have behooved the Commonwealth to share it with us.

In summary, the order granting DNA testing is not final or collateral. It is an interlocutory order. However, it is not an interlocutory order appealable by right, and the Commonwealth did not seek a permissive appeal. Consequently, the order may not now be appealed and we have no jurisdiction to entertain this appeal.

Finally, because timeliness of a filing may, at times, implicate the jurisdiction of a court, we will comment on the Commonwealth's contention that the motion for DNA testing should be considered late. The Commonwealth notes that Section 9543.1 was enacted in 2002 and that Scarborough waited until 2008 to file his motion. It is the Commonwealth's position that the lapse of some six years somehow renders the motion untimely. The Commonwealth is wrong. As we have already noted, Section 9543.1 specifies no time limits on motions for DNA testing. Nevertheless, any eventual PCRA petition based on DNA testing must satisfy the timeliness requirements of the PCRA. *Brooks*, 875 A.2d at 1146; 42 Pa.C.S.A. §§ 9543.1(f)(1), 9545(b). Thus, the lack of a time limit in Section 9543.1 does not, as the Commonwealth suggests, allow open-ended challenges to judgments of sentence.

As the order before us is not appealable, we quash this appeal.

Appeal quashed.

Judge MUNDY concurs in the result.