J-S27006-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WILLIAM BLAKE | : | |
| | : | |
| Appellant | : | No. 786 WDA 2018 |

Appeal from the PCRA Order April 26, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008910-1987,
CP-02-CR-0009390-1987

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OLSON, J.:                         FILED JUNE 11, 2019

Appellant, Robert William Blake, appeals from the order entered on April
26, 2018, denying his claim for deoxyribonucleic acid (DNA) testing pursuant
to 42 Pa.C.S.A. § 9543.1 under the Post-Conviction Relief Act[1] (PCRA).  We
affirm.

We briefly summarize the facts and procedural history of this case as
follows.  On March 31, 1988, a jury found Appellant guilty of second-degree
murder, robbery, theft, and criminal conspiracy.  The trial court sentenced
Appellant to life imprisonment.  We affirmed Appellant's judgment of sentence
on August 2, 1991. See Commonwealth v. Blake, 598 A.2d 1326 (Pa.
Super. 1991) (unpublished memorandum).   Our Supreme Court denied
further review.  See Commonwealth v. Blake, 600 A.2d 533 (Pa. 1991).

_____

[1] 42 Pa.C.S.A. §§ 9542-9546.

_____

*   Retired Senior Judge assigned to the Superior Court.

On January 20, 2016, Appellant filed a pro se request for DNA testing under Section 9543.1 [2] The trial court appointed counsel to represent Appellant. In November 2017, Appellant filed a motion to hire a private investigator, which the trial court granted. Through the investigator, appointed counsel discovered that police recovered an empty package of Marlboro cigarettes from the victim's car found in North Carolina three months after the killing. [3]

_____

[2] This Court previously determined:

> An application for DNA testing should be made in a motion, not in a PCRA petition. Though brought under the general rubric of the PCRA, motions for post-conviction DNA testing are clearly separate and distinct from claims brought pursuant to other sections of the PCRA. This Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1.

> *          *          *

> Importantly, a motion for post-conviction DNA testing does not constitute a direct exception to the one-year time limit for filing a PCRA petition. Instead, it gives a convicted person a vehicle to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545(b)(2).

Commonwealth v. Williams, 35 A.3d 44, 50 (Pa. Super. 2011) (internal citations and quotations omitted). Here, Appellant filed the requisite motion for DNA testing. Because the request for DNA testing precedes a formal PCRA petition, we will refer to the lower court as the "trial" court rather than the "PCRA" court.

[3] Relevant to this appeal, two co-workers discovered the victim's body in his apartment in the Dormont area of Allegheny County near Pittsburgh, Pennsylvania. Police apprehended Appellant in Florida and discovered the victim's car in North Carolina, three months after the killing. The physical

The cigarette package, wrapped in a paper bag and discovered in a box of evidence unrelated to this case, was marked as Exhibit #41 and indicated that the crime laboratory examined and repackaged it on August 25, 1987. Appellant requested that the trial court enter an order for DNA testing of the empty cigarette package. On April 26, 2018, the trial court denied relief by order and opinion. This timely appeal resulted.[4]

On appeal, Appellant presents the following issue for our review:

I.    Whether there [is] a reasonable probability that DNA testing on a discovered cigarette pack would produce exculpatory evidence that would establish Appellant's actual innocence of the crime[s] he was convicted of?

Appellant's Brief at 4.

In summary, Appellant argues:

The sole piece of remaining evidence discovered from [Appellant's] case, which [Appellant] sought to test for DNA, was an empty pack of Marlboro cigarettes that were discovered in

_____

evidence presented at trial showed that the victim was killed inside his apartment, not inside his vehicle. See Commonwealth v. Blake, 598 A.2d 1326, at *1-4 (Pa. Super. 1991) (unpublished memorandum).

[4]    An order denying a motion for DNA testing is a final order. See Commonwealth v. Scarborough, 9 A.3d 206 (Pa. Super. 2010), reversed on other grounds, 64 A.3d 602 (Pa. 2013); see also 42 Pa.C.S.A. § 9543.1(d)(3) ("Any DNA testing order under [S]ection [9543.1] shall constitute a final order. An applicant or the Commonwealth may appeal a decision denying or granting a DNA testing order in accordance with the Pennsylvania Rules of Appellate Procedure."). Appellant filed a timely notice of appeal on May 25, 2018. On May 31, 2018, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) before July 2, 2018. Appellant complied timely. On July 16, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) relying entirely upon its prior April 26, 2018 opinion as rationale for denying relief.

Carolina Beach, North Carolina, in the victim's car. This evidence, along with the car, were discovered three months after the victim's death.

Since the case against [Appellant] relied solely on (unreliable) eyewitness accounts, and, more particularly, the whole case would be decided on whether [Appellant] was spotted in the victim's car before his death – which the Commonwealth argued – the discovered pack of Marlboros was material evidence that afforded [Appellant] "the opportunity to establish the unlikely" – the identity of unknown third party who could undermine the [trial] witnesses' identification of [Appellant].

The [trial] court should [have] afforded [Appellant] the right to conduct DNA testing. And, provided it did not, the [trial] court abused its discretion in light of this Court's precedent construing the post-conviction DNA statute.

Id. at 16.

More specifically, Appellant argues that "the victim's car was seemingly abandoned and untouched immediately following the victim's death" and, thus, "it [was] more likely than not that the Marlboro pack is linked to the car's last occupants of May 1987." Id. at 21-22. As such, Appellant "contends that testing the Marlboro cigarette pack, discovered from the victim's car, could establish the presence of some other third-party in that vehicle, who the Commonwealth's teenage witnesses mistook for [Appellant]." Id. at 20. Moreover, Appellant maintains that the Commonwealth argued in 1988 that Appellant was the third person seen riding with the victim and a co-defendant in the victim's car close in time to the murder and, therefore, the Marlboro package is material evidence. Id. at 23. Appellant concedes that the purported DNA evidence will not singlehandedly prove his innocence, but claims that "if DNA [is] extracted from the Marlboro pack that identifies an

unknown person – not the victim, [co-defendant], or [Appellant] – then surely such evidence further undermines the unreliable identifications used to convict [Appellant] in the first place." Id. at 23-24.

Our standard of review is as follows:

> Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.

Commonwealth v. Walsh, 125 A.3d 1248, 1252–1253 (Pa. Super. 2015) (citation omitted).

Section 9543.1 provides, in pertinent part:

(a)   Motion.--

(1)   An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2)   The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the

applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

(3)     A request for DNA testing under this section shall be by written petition and shall be filed with the clerk of courts of the judicial district where the sentence is imposed.

(4)     DNA testing may be sought at any time if the motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

(5)     Notwithstanding any other provision of law, a plea of guilty to a crime of violence, as defined in section 9714(g) (relating to sentences for second and subsequent offenses), or a confession given by an applicant concerning the offense for which the applicant was convicted, shall not prohibit the applicant from asserting actual innocence under subsection (c)(2) or the court from making a determination and ordering DNA testing under subsection (d)(2).

(6)     The motion shall explain how, after review of the record of the applicant's trial, there is a reasonable possibility if the applicant is under State supervision, or there is a reasonable probability if the applicant is not under State supervision, or after review of the record of the applicant's guilty plea there is a reasonable probability, that the testing would produce exculpatory evidence that would establish:

(i)       the applicant's actual innocence of the offense for which the applicant was convicted;

* * *

(c) Requirements.--In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1) (i) specify the evidence to be tested;

(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2) (i) in a sworn statement subject to the penalties under 18 Pa.C.S. §§ 4902 (relating to perjury) and 4903 (relating to false swearing), assert the applicant's actual innocence of the offense for which the applicant was convicted and that the applicant seeks DNA testing for the purpose of demonstrating the applicant's actual innocence[.]

\* \* \*

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted[.]

\* \* \*

(d) Order.—

(1) Except as provided in paragraph (2), the court shall order the testing requested in a motion under subsection (a) under reasonable conditions designed to preserve the integrity of the evidence and the testing process upon a determination, after review of the record of the applicant's trial, that the:

(i) requirements of subsection (c) have been met;

(ii) evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been altered in any material respect; and

(iii) motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility for an applicant under State supervision, or there is no reasonable probability for an applicant not under State supervision, or after review of the record of the applicant's guilty plea, the court determines that there is no reasonable probability, that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1 (emphasis added).

In examining Section 9543.1, this Court previously determined:

The text of the statute set forth in Section 9543.1(c)(3) and reinforced in Section 9543.1(d)(2) requires the applicant to demonstrate that favorable results of the requested DNA testing would establish the applicant's actual innocence of the crime of conviction. The statutory standard to obtain testing requires more than conjecture or speculation; it demands a prima facie case that the DNA results, if exculpatory, would establish actual innocence.

[Commonwealth v.] B. Williams, [35 A.3d 44, 50-51 (Pa. Super. 2011)] (emphasis added). See also Commonwealth v. G. Williams, 909 A.2d 383 (Pa. Super. 2006) (affirming dismissal of request for post-conviction DNA testing where appellant's identity as perpetrator was not at issue in rape case; appellant's theory of case at trial was that he had consensual sex with victim;

because appellant's participation was confirmed, DNA testing would not establish his innocence).

Significantly, in DNA testing cases, "an absence of evidence is not evidence of absence." Commonwealth v. Heilman, 867 A.2d 542, 547 (Pa. Super. 2005). See also B. Williams, supra (affirming trial court's denial of DNA testing where appellant failed to meet threshold requirements for DNA testing, under Section 9543.1(a)(2), and did not demonstrate prima facie case of "actual innocence"; even if appellant's DNA were not found on hat/wig, record contained overwhelming evidence of appellant's guilt including three unshakable eyewitnesses, appellant's confession, and appellant's access to weapon used in crimes); Commonwealth v. Smith, 889 A.2d 582 (Pa. Super. 2005), appeal denied, 905 A.2d 500 (Pa. 2006) (affirming denial of request for post-conviction DNA testing where absence of appellant's DNA from victim's fingernails would not establish appellant's innocence of victim's murder; nothing in record supported appellant's claim that victim would have scratched her assailant leaving DNA evidence under her fingernails).

Walsh, 125 A.3d at 1254–1255 (Pa. Super. 2015) (emphasis in original).

In this case, the trial court concluded:

The victim of this stabbing was found in his own apartment. He was not found in a car which is where the empty pack of [cigarettes] was found.[5] Conspicuous by its absence is [Appellant's] failure to explain this analytical gap. Furthermore, the [] cigarette pack [] was found in a car, in a different state and, some three months AFTER the killing. These "facts" lead to one question – when was the pack left there? [Appellant] simply cannot answer that question. The inability of [Appellant] to adequately address these factual holes in his claim prevents [the trial c]ourt from concluding that DNA results would establish his actual innocence.

Trial Court Opinion, 4/26/2018, at 2.

_____

[5] Upon review of the record, we note that there was no evidence presented at trial to suggest that the victim was stabbed inside his vehicle.

Upon review, we agree with the trial court's assessment. Appellant's petition did not establish a prima facie case that the DNA results, if exculpatory, would establish Appellant's actual innocence. As previously stated, the absence of evidence is not evidence of absence. Thus, even if Appellant could establish the absence of his own DNA or the presence of DNA from a third-party, such evidence would not establish that Appellant was innocent. Moreover, as the trial court astutely noted, there is no evidence to suggest when someone discarded the cigarette package in the vehicle. It may have been there well before the killing. Although less likely, someone may have discarded the cigarette package after the vehicle was stolen and/or abandoned. Thus, we reject Appellant's suggestion that it was more likely than not that the cigarette package was linked to the car's last occupants of May 1987. Finally, even if tests revealed another party's DNA on the cigarette package, such evidence would not directly implicate that other person as the killer (or co-defendant) or somehow exculpate Appellant. Appellant's claim is mere conjecture, as there is no direct correlation between the cigarette package and the crimes. Thus, DNA tests would not establish Appellant's actual innocence. Because Appellant failed to satisfy the statutory requirements listed in Section 9543.1, we discern no trial court error in denying Appellant relief for DNA testing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/2019